UNITED STATES of America, Appellee,

v.

Gertrude OGBONDAH, Defendant–Appellant.

No. 869, Docket No. 93–1479.

United States Court of Appeals,
Second Circuit.

Argued Jan. 10, 1994.

Decided Feb. 9, 1994.

Henriette D. Hoffman, The Legal Aid Society, Federal Defender Services Unit, New York, New York, for Defendant–Appellant.

Edgardo Ramos, Assistant United States Attorney, Brooklyn, New York (Zachary W. Carter, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, Brooklyn, New York, of counsel), for Appellee.

Before WINTER, WALKER and JACOBS, Circuit Judges.

WINTER, Circuit Judge:

Gertrude Ogbondah appeals from a sentence imposed by Judge Bartels, following the entry of a guilty plea to importation of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3) (1988). Ogbondah was sentenced to thirty months' imprisonment and three years'

supervised release. On appeal, she argues that her case should be remanded because Judge Bartels erroneously believed that he lacked the power to depart downward to account for confusion that led to a two-week loss of sentence credit when Ogbondah was released on bail and immediately taken into Immigration and Naturalization Service ("INS") custody.

We hold that the circumstances giving rise to Ogbondah's loss of sentence credit were not factors adequately taken into account by the Sentencing Commission and provide a proper ground for departure. Because the record discloses a real possibility that Judge Bartels did not believe he had authority to depart on this ground, we remand to determine whether he understood his authority, and, if not, to exercise his discretion whether to grant a downward departure.

## BACKGROUND

Gertrude Ogbondah, a resident alien, was arrested at John F. Kennedy International Airport on June 15, 1992, carrying 148.1 grams net weight of heroin. After arraignment, Ogbondah was released on a $250,000 bond by Magistrate Judge Carter. Unbeknownst to the court, the prosecutor, or defense counsel, the INS had lodged a detainer against her because of her alien status. Consequently, upon release on bail, she was immediately taken into INS custody.

Ogbondah did not receive credit towards her sentence for the time that she was released on bail but confined to INS custody. *See* 18 U.S.C. § 3585 (1988); *United States v. Edwards,* 960 F.2d 278, 282–83 (2d Cir.1992). She therefore requested that her bail be revoked. However, bail was not revoked for two weeks, and Ogbondah lost sentence credit for that time. If Ogbondah had been aware of the INS detainer, she would not have made a bail application and would have received sentence credit for her entire period of custody.

On July 29, 1992, Ogbondah pled guilty to one count of importation of heroin. Applying the United States Sentencing Guidelines, the presentence report ("PSR") recommended an adjusted offense level of 19, resulting in a sentencing range of thirty to thirty-seven months' imprisonment. Prior to sentencing before Judge Bartels, Ogbondah's counsel requested leniency on a number of grounds. Counsel explained the unusual circumstances that caused Ogbondah to lose two weeks of sentence credit, and she urged that Judge Bartels "factor that uncredited time into her sentence and subtract one month from whatever sentence the Court intended to impose."

At sentencing in July 1993, Ogbondah requested a one-month downward departure to compensate for the two weeks of lost sentence credit. After being informed that the Guidelines did not require such a departure, Judge Bartels pondered the request, stating, "I don't know that I can do anything about it.... [Defense counsel] asked for a change in the law. I can't do that...." Judge Bartels also elicited the government's position:

> THE COURT: You take no position if provided within the guidelines. Do you take a position from outside the guidelines?
>
> MR. WEINSTEIN: Yes, the position is that she should be sentenced within the guidelines.
>
> THE COURT: Then I don't give her credit for the month she spent with the INS.
>
> MR. WEINSTEIN: Doesn't appear to be provided for in the guidelines. It's our position that is so.

Judge Bartels then addressed defense counsel, concluding, "you are representing a client who is not the ordinary person but that doesn't change the guidelines. I'll have to abide by the guidelines." He adopted the recommended offense level of the PSR and sentenced Ogbondah to thirty months' imprisonment, which was at the bottom of the applicable range.

## DISCUSSION

■ A district court's refusal to depart downward is generally not appealable. *United States v. Sharpsteen,* 913 F.2d 59, 62–63 (2d Cir.1990). However, "if the refusal to depart downward is based on a district court's mistaken view that it lacks the authority to depart, a defendant retains his right to appeal this denial." *Id.* at 63. Og-

bondah argues that her sentence must be remanded to the district court because the unusual circumstances that caused her to lose two weeks of sentence credit provided a valid ground for a downward departure, and because the district court did not recognize that it had authority to depart on this ground. The government contends that the resultant loss of sentence credit was not a permissible ground for departure and that, even if it were, the district court did not erroneously believe that it lacked authority to depart on the requested ground.

■ We first address the propriety of a departure on the ground urged by Ogbondah. Under 18 U.S.C. § 3553(b), a district court has authority to depart from the Guidelines where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); see also U.S.S.G. § 5K2.0 (Policy Statement). A downward departure is appropriate in the atypical case that falls outside of the " 'heartland,' a set of typical cases embodying the conduct that each guideline describes." U.S.S.G. Ch. 1, Pt. A, intro., 4(b).

■ Ogbondah argues that her loss of sentence credit caused by the court's and parties' ignorance of the INS detainer was an atypical circumstance not adequately taken into consideration by the Commission and that it therefore provides a permissible ground for departure. We agree. It is undisputed that the Commission did not consider a bureaucratic mix-up that would result in a defendant seeking and obtaining bail, only to be placed in INS custody and lose sentence credit until bail could be revoked by the district court. Contrary to the government's assertions, there is no "de minimis" limitation on the district court's power to depart downward. Nor is the court's power to depart limited by the non-exhaustive list of circumstances warranting departure provided in the Guidelines, see U.S.S.G. §§ 5K1.1– 5K2.16. "Any case may involve factors in addition to those identified that have not been given adequate consideration by the

Commission." U.S.S.G. § 5K2.0 (Policy Statement). Although the Guidelines prohibit departure on certain grounds not relevant here, see, e.g., Section 5H1.10 (race, sex, national origin, creed, religion, and socio-economic status), "Congress did not limit what a court may determine under § 3553(b) to have been inadequately considered by the Commission." *United States v. Lara*, 905 F.2d 599, 605 (2d Cir.1990). Where, as here, a defendant's sentence is impacted by an atypical mitigating circumstance of a kind clearly not contemplated by the Commission, the district court may exercise its discretion to depart from the Guidelines.

The government argues that a downward departure for loss of sentence credit is foreclosed by our decision in *United States v. Restrepo*, 999 F.2d 640 (2d Cir.), cert. denied, —— U.S. ——, 114 S.Ct. 405, 126 L.Ed.2d 352 (1993). It argues that under *Restrepo*, a period of civil confinement resulting from Ogbondah's resident alien status cannot be a mitigating factor when calculating her period of criminal confinement. In *Restrepo*, we held that a post-imprisonment period of confinement imposed by the INS prior to deportation did not provide a proper basis for a downward departure:

> Since a deportable alien may be detained though he has not been convicted of a crime, a detention that occurs pending deportation following a convicted alien's completion of his term of imprisonment should not be viewed as a detention resulting solely from his conviction.... Rather, it is part of a penalty that has traditionally been termed civil rather than punitive.... Hence, in comparing the punishments meted out to an alien and to a citizen, respectively, it is inapt to measure the latter's sentence against the former's sentence plus deportation-related detention.

*Id.* at 646 (citations omitted).

The government's reliance on *Restrepo* is misplaced. Unlike Restrepo, Ogbondah does not seek a departure because she was subject to additional post-imprisonment civil confinement as a consequence of her alien status. Rather, she argues that bureaucratic confusion caused her to seek bail when it was not to her advantage to do so. As a result of the

confusion, she was denied sentence credit that she would otherwise have been entitled to receive. Nothing in *Restrepo* prohibits a downward departure where a defendant loses sentence credit because unusual circumstances caused her to make a misguided bail application. Consequently, the district court had authority to depart downward under 18 U.S.C. § 3553(b) to compensate for the resultant loss of sentence credit.

■ We next consider whether the district court understood its authority to depart downward on this ground. If the record is ambiguous, as it is here, we must remand to the district court to determine whether it understood the full scope of its authority. *United States v. Ritchey*, 949 F.2d 61, 63 (2d Cir.1991). Typically, district judges do not routinely note their understanding of the scope of their authority to depart in response to an appeal for a downward departure. However, it is usually evident from the record that they do not believe a particular defendant to be deserving of such a departure in light of the characteristics of the defendant or the offense. Language indicating the view that a defendant is undeserving is generally inconsistent with a belief that the district judge lacks authority to depart. Other statements in the record, however, may indicate a real possibility of a misunderstanding of the authority to depart on the requested grounds. The record in the instant case suggests just such a possibility.

It is true that some portions of the sentencing transcript suggest that the district court did not depart because it did not in its discretion consider Ogbondah's circumstances sufficiently extraordinary to warrant a departure. After hearing Ogbondah's request for a departure and the government's response, the court thus commented, "She has worked hard, her husband has worked hard. It's a shame. This happens, every prisoner has some problem."

Other portions of the transcript, however, suggest that the court believed it had no authority to depart to compensate for the bureaucratic confusion that led to the loss of sentence credit. After defense counsel informed the court that the Guidelines did not provide for automatic sentence credit for time spent in INS custody, the court commented, "I don't know that I can do anything about it ... [Defense counsel] asked for a change in the law. I can't do that...." There is thus a real possibility that the court misunderstood its power to depart downward to account for the unusual circumstances resulting in Ogbondah's loss of sentence credit.

We remand to the district court to determine whether it understood its authority to depart on the requested grounds. "[I]f the district court did not realize that it had such discretion, then appellant should be resentenced in accordance with the court's proper recognition of the extent of its authority." *Sharpsteen*, 913 F.2d at 64. We express no opinion as to the proper exercise of that discretion.

Remanded for resentencing.