UNITED STATES of America, Appellee,

v.

Peter SCHMICK, Thomas Corton, Joseph Mitcheal, Andrew Corton, and Howard Courtney Thomas, Defendants,

Peter Paese, Defendant–Appellant.

No. 1320, Docket 93–1611.

United States Court of Appeals, Second Circuit.

Submitted March 29, 1994.

Decided April 5, 1994.

Christopher Marengo, Bronx, NY, for defendant-appellant Peter Paese.

Mary Jo White, U.S. Atty. for the S.D. of NY, New York City (Marjorie Miller, Alexandra Rebay, Asst. U.S. Attys., for the S.D. of NY, of counsel), for appellee U.S. of America.

Before: TIMBERS, CARDAMONE, and WINTER, Circuit Judges.

## PER CURIAM:

Peter Paese seeks to appeal from a sentence imposed by Judge Goettel, following the entry of a plea of guilty to five counts of armed robbery, using a firearm in connection with a crime of violence, and conspiracy to commit armed robbery in violation of 18 U.S.C. §§ 2, 371, 924(c) and 2113(d) (1988). Paese was sentenced principally to 130 months' imprisonment, 5 years' supervised release, and his pro rata share of $82,000 in restitution. The district court arrived at the sentence by departing downward from offense level 28 to offense level 26 "based on age and health." Paese asks that his case be remanded. He claims that the district court's failure to reject explicitly an additional ground for a discretionary departure leaves the record ambiguous as to whether Judge Goettel erroneously believed that he lacked the authority to depart on the additional ground.[1] We disagree and dismiss the appeal.

In his papers submitted before sentencing and at the sentencing hearing, Paese argued that the court should depart downward from the Guidelines range based on both his age and health and his allegedly aberrant behavior in the criminal conduct to which he pled guilty. In response to the latter argument, the government did not contest the proposition that aberrant behavior is a permissible ground for departure. See United States v. Richey, 949 F.2d 61, 63 (2d Cir.1991). Instead, it argued that Paese's conduct was not aberrant but consistent with his participation in an earlier robbery. Paese's counsel did not challenge the government's assertion that Paese had earlier participated in an uncharged robbery. Instead, Paese's counsel stressed his client's age and health. At this point, the district court announced, "I'll de-

---

1. The government argues that Paese has waived his right to appeal the sentence imposed. In the plea agreement, Paese expressly waived his right to appeal "a sentence by the Court that falls within the sentencing range/offense level of 138 to 157 months." Such waivers are enforceable. See United States v. Salcido–Contreras, 990 F.2d 51, 51 (2d Cir.) ("... [K]nowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable"), cert. denied, —— U.S. ——, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993); United States v. Rivera, 971 F.2d 876, 896 (2d Cir.1992). Paese, however, by virtue of the court's downward departure was sentenced at offense level 26· to a term of 130 months' imprisonment. The literal terms of the plea agreement therefore do not apply to Paese's appeal. In view of our disposition of this matter, we do not reach this issue although we trust that the government will insist on appropriate alterations in the standard plea agreement in the future.

part down two levels based on age and health."

Paese argues that the court's failure to mention the additional argument based on aberrant conduct suggests that the court believed it lacked authority to depart further on that ground. However, in our view, the record suggests no misunderstanding of the court's legal authority to depart based on aberrant conduct. This is simply a case in which the defendant urged multiple grounds for a discretionary departure, and the district court chose one ground while not explicitly rejecting an alternative ground. In such circumstances, the district court's failure to acknowledge explicitly its legal authority to depart based on the alternative ground does not suggest any misunderstanding concerning the court's legal authority to depart. *See United States v. Ogbondah*, 16 F.3d 498, 501 (2d Cir.1994) ("Typically, district judges do not routinely note their understanding of the scope of their authority to depart in response to an appeal for a downward departure."). We hold that absent some reason discernible on the record to believe that a district court had misgivings concerning its authority to depart downward on asserted grounds, the court's failure to affirm its authority in declining to depart downward is not grounds for a remand.

Because a defendant may not appeal from a failure to grant a discretionary downward departure, *see United States v. Colon*, 884 F.2d 1550, 1554–55 (2d Cir.), *cert. denied*, 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989), we dismiss the appeal.