**UNITED STATES of America,**

v.

**Clarke LASKY, Defendant.**

**No. CR 97–127 (ADS).**

United States District Court,
E.D. New York.

Oct. 28, 1998.

Zachary W. Carter, United States Attorney, E.D.N.Y., Brooklyn, NY, by Joseph R. Conway, Assistant U.S. Attorney.

John F. Carman, Garden City, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On January 23, 1998, the defendant, Clark Lasky ("Lasky" or the "defendant"), was convicted, upon his plea of guilty, of: (1) one count of knowingly, intentionally, and willfully embezzling and converting the assets and funds connected to an employee welfare benefit plan of the Brotherhood of Industrial Workers ("BIW"), in violation of 18 U.S.C. § 664; and (2) one count of mail fraud, in violation of 18 U.S.C. § 1341. The plea was entered into pursuant to a written plea agreement with the Government. On August 24, 1998 the Court, in a written decision, denied the defendant's motion pursuant to Rule 32(e) of the Federal Rules of Criminal Procedure seeking the withdrawal of his guilty plea. The Court adjourned the case to September 4, 1998 for sentencing. On September 4, 1998, prior to his sentence, the defendant raised an issue involving the interpretation of section 2F1.1(b)(1) of the Sentencing Guidelines. The defendant claimed that the victim never suffered a loss and thus he should not receive an enhancement pursuant to section 2F1.1(b)(1). On October 16, 1998 the Court denied the defendant's motion based, in part on Guideline 2F1.1, Note 7 which states that, "if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." Moreover, the Court based its decision on the Second Circuit opinion in *United States v. Brach,* 942 F.2d 141 (2d Cir.1991) which held that "[i]n cases involving embezzlement or theft, we have interpreted Application Note 2 literally and affirmed sentencing adjustments based on the value of what was taken, not the

ultimate harm suffered by the victim ....
Under the Guidelines, 'loss' includes the value of all property taken, even though all or part of it was returned." *Id.* at 143 (citations omitted).

Presently before the Court is defendant's contention that the Court should downwardly depart from the Sentencing Guidelines pursuant to § 5K2.0. The Defendant stated in a letter dated October 20, 1998 that:

> [i]nsofar as the Court has already rejected Mr. Lasky's argument that the reserve account precludes the possibility of an actual or intended loss within the meaning of U.S.S.G. § 2F1.1, it is respectfully requested that the Court take into consideration the value of this account which represents a classic example of a mitigating circumstance not adequately taken into consideration by the Federal Sentencing Guidelines. The existence of such an account goes to the very heart of the nature and extent of the harm suffered in this case.

The Government, in a letter dated October 22, 1998 contends that "the facts of this case do not place this case as an 'atypical or out of the heartland' type nor is there circumstances not taken into consideration by the Sentencing Commission, and as such, a departure under section 5K2.0 is unwarranted." The Government adds that "even assuming Lasky's facts as true, this case does not warrant a downward departure." The Government does, however, vigorously dispute the facts set-forth in Lasky's October 20, 1998 letter regarding whether there was actually a reserve fund.

The Sentencing Guidelines permit this Court to downwardly depart from the recommended sentence where it finds a "mitigating circumstance of a kind, or degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different than that described [in the guidelines]." 18 U.S.C. § 3553(b); *see also* U.S.S.G. § 5K2.0 (Policy Statement). In addition, the introduction to the Guidelines states that the sentencing court should regard "each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes. When a Court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a downward departure is warranted." U.S.S.G. Ch. 1, Part A, 4(b). The Second Circuit has held that "where a defendant's sentence is impacted by an atypical mitigating circumstance of a kind clearly not contemplated by the Commission, the district court may exercise its discretion to depart from the Guidelines." *United States v. Ogbondah,* 16 F.3d 498 (2d Cir.1994); *see also United States v. Barton,* 76 F.3d 499 (2d Cir.1996); *United States v. Broderson,* 67 F.3d 452 (2d Cir.1995); *United States v. Johnson,* 964 F.2d 124 (2d Cir.1992).

The Court disagrees with Lasky's contention that his alleged reserve account warrants a "classic example of a mitigating circumstance not adequately taken into consideration by the Federal Sentencing Guidelines." (Lasky Letter dated October 20, 1998). Even assuming that Lasky's facts surrounding the reserve account are true, the Court is not persuaded that this situation falls outside the "heartland" and is not contemplated by the Guidelines. The underlying rationale of Lasky's argument is that because he had a reserve account, the BIW fund never did or would suffer a real loss. Therefore, Lasky argues, the Court should downwardly depart from the guidelines due to this mitigating circumstance which was not taken into account by the Guidelines.

While based on a different section of the Sentencing Guidelines, Lasky's argument is grounded on the same principle that was argued before this Court on October 16, 1998. Namely, whether the Court should find no actual "loss" because of the reserve fund. On the 16th of October Lasky argued that because he had a reserve account, the $690,495.42 that he admitted to embezzling from the BIW, should not be considered a "loss" under the enhancement provisions of the sentencing guidelines. The Court found Lasky's argument unpersuasive as the Guidelines specifically anticipated such a situation where the actual loss suffered by the victim is less than the intended loss or what was actually taken. *See* U.S.S.G. § 2B1.1 Commentary; *United States v. Brach, supra.*

Now, one week later, Lasky similarly argues that "the Court take into consideration the value of this account which represents a classic example of mitigating circumstances not adequately taken into consideration by the Federal Sentencing Guidelines." (Lasky Letter dated October 20, 1998). However, the Guidelines did anticipate a situation where the value of what was taken was greater than the actual harm suffered by the victim. In fact, based upon the value of the items embezzled, the Guidelines specifically permit the Court to *enhance* a sentence pursuant to § 2F1.1 even where the victim suffered no actual loss at all. *see United States v. Matt*, 116 F.3d 971 (2d Cir.1997) (holding that under section 2F1.1, the intended loss, not the actual loss should be considered under the Guidelines); *United States v. Mucciante*, 21 F.3d 1228 (2d Cir.1994) (holding that under section 2F1.1, loss does not always equal the actual financial harm suffered by the victim). Even assuming that the reserve account existed and that the victims did suffer no actual loss, the Sentencing Guidelines specifically permit an *enhancement* based upon the value of what was taken. It cannot be argued now, that Lasky's sentence should be reduced based on § 5K2.0 where the guidelines specifically permit an enhancement. Thus, the Court finds that the circumstances surrounding the reserve account do not fall outside the "heartland" of embezzlement cases as anticipated and specifically addressed by the Sentencing Guidelines.

Therefore, while the Court recognizes its power to depart pursuant to § 5K2.0, the Court declines to do so. Accordingly, it is hereby

**ORDERED,** that Lasky's motion seeking a downward departure pursuant to section 5K2.0 of the Sentencing Guidelines is **DENIED.**

**SO ORDERED.**