UNITED STATES of America,
Appellee,

v.

Maurizio PERCAN, Eileen Kalust, Jose Diaz, Radhames Melo, aka "Radmes", aka "Raymond", aka "Radhmes", aka "Melo", aka "Radhmes", aka "Ernesto", aka "Rhadames", Elias Abreu, aka "Albino", aka "Roberto Abreu", All In One Auto, Defendants,

Roberto Acosta, aka "Robert", aka "Acosta", Defendant–Appellant.

Docket No. 00–1065(L).

United States Court of Appeals,
Second Circuit.

Argued: Nov. 13, 2000.

Decided: Nov. 22, 2000.

Joel M. Stein, New York, NY, for appellant.

Mylan L. Denerstein, Assistant United States Attorney, for Mary Jo White, United States Attorney for the Southern District of New York (Gary Stein on the brief) for appellee.

Before: CARDAMONE, CALABRESI, and KATZMANN, Circuit Judges.

PER CURIAM:

Appellant Roberto Acosta was convicted, pursuant to a guilty plea, by the United States District Court for the Southern District of New York on three counts of crimi-

nal activity related to his participation in a conspiracy to steal automobile airbags and resell them to the public. He was also convicted (again, pursuant to a plea of guilty), on one count of conspiracy to distribute crack cocaine. The district court sentenced Acosta to 60 months in prison. Acosta contends that the district court's failure downwardly to depart further than it did deprived him of due process.

## BACKGROUND

In April 1998, appellant and six others were indicted in a seventeen-count indictment charging them with conspiracy to transport stolen goods in interstate commerce in violation of 18 U.S.C. § 2314, a substantive count of transporting stolen goods in interstate commerce, a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and fourteen related substantive counts of money laundering. The indictment alleged that appellant was involved in a scheme in which he and three of the co-defendants (Diaz, Abreu, and Melo) stole hundreds of thousands of dollars worth of automobile airbags, and sold them to Percan and Kalust, who operated All in One Auto Parts, Inc. According to the indictment, Percan and Kalust, working through All in One Auto Parts, resold the stolen airbags to the public.

Following Acosta's arrest, he entered into a cooperation agreement with the government. The agreement required Acosta to plead guilty to a superseding information charging him with three counts relating to the stolen airbag conspiracy and to one count arising from his involvement in a separate conspiracy to distribute crack cocaine.[1] Acosta also promised to assist the government in the investigation and prosecution of the co-conspirators in the airbag scheme. In exchange, the government

pledged to file a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e) requesting that the district court depart downwardly from the statutory mandatory minimum in sentencing Acosta. The agreement expressly indicated, however, that "the sentence to be imposed on Roberto Acosta remains within the sole discretion of the Court."

The pre-sentence report ("PSR") submitted to the district court by the Probation Office suggested that Acosta be sentenced to time served, which was 19 months in prison. The report noted that Acosta had provided significant and useful information to the U.S. Attorney's Office, which helped secure the convictions of his co-conspirators.[2] As promised, the government filed a motion notifying the court of Acosta's assistance and requesting a downward departure.

At sentencing, Acosta's attorney requested that Judge Schwartz follow the recommendation contained in the PSR and sentence Acosta to time served. Counsel emphasized that, until Acosta provided them with information, prosecutors had no knowledge of his drug trafficking activities. Therefore, defense counsel argued, if Acosta were sentenced more harshly than his co-defendants in the airbag conspiracy, he would effectively be punished for his cooperation.

The district court declined to adopt the PSR recommendation, and instead sentenced Acosta to 60 months in prison. Judge Schwartz emphasized that, with a Criminal History Category of IV and a total offense level of 32, Acosta's sentence range was 168 to 210 months. Judge Schwartz acknowledged that "the information as to [the drug charge] came as a result of [Acosta's] being forthcoming in

1. During the negotiation of the agreement, Acosta informed prosecutors about his participation in the crack distribution conspiracy. Prior to that point, the police had no information about Acosta's selling drugs.

2. The government acknowledged that Acosta's cooperation helped trigger guilty pleas from Melo, Kalust, Abreu, and Diaz, and that Acosta's testimony at the trial of Maurizio Percan and All in One Auto Parts was a significant factor in securing convictions.

proffers with the government and in his cooperation," but stated that still, he could not "ignore it." Defense counsel protested and contended that his client was "being penalized for his cooperation," but the district court rejected this argument and explained that Acosta was hardly being penalized, but rather, was "being given the benefit [of] over a hundred months for his cooperation."

This appeal followed.

## DISCUSSION

██] Appellant contends that the district court's refusal to depart downward further than it did effected a denial of his due process rights. Typically, we lack jurisdiction over a challenge to a district court's refusal to grant a downward departure. *See United States v. Schmick,* 21 F.3d 11, 13 (2d Cir.1994). We may exercise jurisdiction over such a challenge only "if the departure was made in violation of the law or as a result of a misapplication of the Guidelines." *See United States v. Moe,* 65 F.3d 245, 251 (2d Cir.1995).

██] Appellant argues that the district court's decision with respect to Acosta's sentence was "in violation of the law" because, in his view, it rests upon a material false assumption on the part of the district judge. Specifically, appellant believes that Judge Schwartz failed to understand that the 60 month sentence would punish Acosta more severely than non-cooperating co-defendants and would thereby penalize him for being forthcoming with respect to his criminal conduct. Appellant's argu-

ments are without merit. The record from Acosta's sentencing hearing demonstrates conclusively that the district court properly understood all of the material facts that were relevant to the determination of Acosta's sentence. The district court's refusal to "ignore" Acosta's commission of a separate drug trafficking offense reflects neither a "violation of the law" nor a "misapplication of the Guidelines."[3]

Accordingly, we lack jurisdiction to hear this appeal. We have considered all of appellant's arguments and find them to be without merit. The appeal is hereby DISMISSED.

---

3. Moreover, if we were to accept Acosta's contention—that the enhancement of his sentence as a result of his proffer of information with respect to his drug trafficking activity constituted a "penalty"—it would create possibilities for abuse of the criminal justice system. Individuals involved in multiple criminal activities could insulate themselves from prison-time related to their more serious offenses by pleading guilty to all of their crimes in the context of their cooperation with the Government with respect to lesser offenses.

We note, however, that the established practice—which does not seemingly require

the Government explicitly to inform cooperating co-defendants that the information they provide may expose them to longer prison terms—is potentially troubling. The Government's failure so to inform the defendant does not create grounds for reversal in this case. And we express no opinion as to whether the Government might, in some circumstances, be well advised to ensure that cooperating individuals are fully aware of the potential consequences of their cooperation. We mention the matter at this time simply to record some discomfort with current practice.