**UNITED STATES of America,**
**Appellee,**

v.

**Noreen KING, Defendant–Appellant.**

**Docket No. 00–1266.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 28, 2000.

Decided Dec. 8, 2000.

As Amended Dec. 12, 2000.

Michael G. Paul, New York, NY, for Appellant.

Susan Corkery, Assistant United States Attorney (Jonathan E. Davis, of counsel) for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Before VAN GRAAFEILAND, KATZMANN, Circuit Judges, and JONES, District Judge.[1]

PER CURIAM:

### BACKGROUND

On August 9, 1999, Appellant Noreen King ("King") arrived at John F. Kennedy International Airport in Queens, New York on a flight from Jamaica. When a United States Customs Inspector began to examine her suitcase, she offered him $200 to stop the search. He continued searching and discovered more than three kilograms of cocaine in the bottom of the suitcase. She was immediately arrested, then indicted on September 7, 1999 on charges of importing cocaine, possessing cocaine with intent to distribute, and offering a bribe to a customs inspector. On September 17, 1999, while represented by counsel, she pled not guilty.

King entered into a plea agreement with the government in which she agreed to plead guilty to the importation count. On

---

**1.** The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

November 11, 1999, King, her attorney, and the government signed a written plea agreement in which the government estimated that her likely range of imprisonment would be 46 to 57 months. The agreement stated that "if the Guidelines offense level determined by the Court is different than the estimate the defendant will not be entitled to withdraw the plea."

On November 11, 1999, King appeared before Judge Sifton and pled guilty pursuant to the plea agreement. Among other inquiries, Judge Sifton asked King whether she had discussed the Sentencing Guidelines with her attorney, and she said that she had.

Judge Sifton explained to King the rights she would be giving up if she entered a guilty plea, and explained the Sentencing Guidelines as they applied to her. Judge Sifton and King had the following exchange:

> The Court: However, whatever anybody had told you about the sentencing guidelines you must be aware that I can depart from those guidelines, and impose a more severe sentence anywhere up to 20 years. Do you understand that?
>
> The Defendant: Yes.
>
> The Court: Has anyone threatened you or pressured you to persuade you to plead guilty?
>
> The Defendant: No, your Lordship.
>
> The Court: Are you pleading guilty of your own free will?
>
> The Defendant: Yes. Yes.

After explaining the guilty plea process further, Judge Sifton said to King: "All right. Ms. King, bearing all of this in mind how do you plead to this accusation, guilty or not guilty?" King stated, "I'm guilty."

At sentencing, Judge Sifton granted King's application for a downward departure, then sentenced King to 24 months in prison and two years supervised release.

## DISCUSSION

On appeal, King makes several arguments, only one of which we need to discuss herein. King argues that her plea is invalid because the District Court failed to advise her that she would not be permitted to withdraw her plea if the District Court sentenced her to a prison term outside the Sentencing Guidelines range estimated by the government in her plea agreement, as required by Federal Rule of Criminal Procedure 11(e)(2).

Review of Rule 11 errors is made under a harmless error standard. *See* Fed.R.Crim.P. 11(h). King is correct that the District Court failed to comply with Rule 11(e)(2), which provides that if the plea agreement includes a recommendation as to defendant's sentence, "the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea." Fed.R.Crim.P. 11(e)(2). The Second Circuit has adopted " 'a standard of strict adherence to Rule 11.' " *United States v. Ferrara*, 954 F.2d 103, 105–07 (2d Cir.1992) (quoting *United States v. Lora*, 895 F.2d 878, 880 (2d Cir. 1990)). We have previously emphasized that "a failure to give a defendant a Rule 11(e)(2) warning can affect significant substantial rights." *United States v. Livorsi*, 180 F.3d 76, 79 (2d Cir.1999). However, we have only reversed a judgment of conviction for a violation of Rule 11(e)(2) when the defendant received a higher sentence than that recommended by the government, or when there were other factors to "tip the scale" in favor of reversal. *See Livorsi*, 180 F.3d at 80–82 (sentence was sixteen months higher than highest sentence recommended by government; reversed for failure to give warnings and failure to inquire into defendant's bouts of amnesia and poor medical history); *Ferrara*, 954 F.2d at 105–07 (sentence which did not run concurrently resulted in sentence 18 months higher than government's recommendation; reversed, *inter alia*, for ambiguous sentence and failure to give

Rule 11(e)(2) warning); *see also United States v. Andrades,* 169 F.3d 131, 134 (2d Cir.1999) (harmless error if defendant advised of incorrect sentencing range during plea hearing if actual total sentence is less than that incorrect range).

 It is clear from the text of Rule 11(e)(2) and our cases that the Rule's purpose is to protect a defendant from entering into a plea under the false assumption that, if he or she does not benefit from the plea agreement as expected based on the prosecutor's recommendation, the defendant will be able to withdraw the plea. Without the Rule 11(e)(2) warning, there is a danger that defendants will not fully anticipate the possible negative consequences of entering a guilty plea, and may make guilty plea decisions without full knowledge of the risks they are undertaking. With this in mind, it seems reasonable to assume that Rule 11(e)(2) considerations would not apply in a circumstance in which a defendant is sentenced to a more lenient sentence than that recommended by the government. Under the harmless error standard, unless there are exceptional circumstances present, a defendant receiving a lower than recommended sentence cannot demonstrate that he or she suffered any harm because of the court's Rule 11(e)(2) omission.

In the present case, the District Court sentenced King to a significantly lower sentence than that recommended by the government. Accordingly, King has failed to demonstrate that she was harmed by the District Court's omission.

We have considered King's other arguments and find them to be without merit.

### CONCLUSION

Accordingly, the judgment of the District Court is affirmed, except with regard to the appeal of the extent of the sentencing downward departure, which is dismissed for lack of jurisdiction. *See United*

*States v. Schmick,* 21 F.3d 11, 13 (2d Cir. 1994).