**UNITED STATES of America,**
**Appellee,**

v.

**Alfred MURRAY, Defendant–Appellant.**

No. 03–1734.

United States Court of Appeals,
Second Circuit.

Aug. 30, 2004.

Stephanie Carvlin, New York, NY, for Appellant.

Victor L. Hou, Assistant United States Attorney (Laura Grossfield Birger, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

Present: CABRANES, STRAUB and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and it hereby is **DISMISSED.**

In this sentencing-only appeal, defendant Alfred Murray appeals a judgment

entered on November 19, 2003, in the United States District Court for the Southern District of New York.[1]

On November 14, 2002, Murray pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. On November 6, 2003, Murray's counsel submitted a letter brief to Judge Baer, seeking a downward departure pursuant to § 5K2.0 of the United States Sentencing Guidelines.[2] The letter recounted how, in 1998, Murray was arrested by the New York Police Department and charged with attempted murder. After spending eleven months in a New York state penitentiary pending trial, the Bronx District Attorney's Office moved to have the case against Murray dismissed due to newly-found evidence. Murray argued that his improper incarceration was a mitigating factor which placed his case outside the heartland of cases considered by the Sentencing Guidelines. In support of his argument, Murray cited numerous cases, including *United States v. Montez–Gaviria*, 163 F.3d 697 (2d Cir. 1998), and *United States v. Ogbondah*, 16 F.3d 498 (2d Cir.1994), where a wrongful incarceration was the basis for a § 5K2.0 departure.

On November 13, 2003, the parties appeared before Judge Baer for sentencing. At the outset, Murray's attorney framed the issues as follows: "[W]e are not contesting the presentence report's calculations of what the guidelines are. We are not contesting the factual allegations or statements in the presentence report;"

1. All claims raised by the defendant under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), are denied pursuant to our decision in *United States v. Mincey*, 380 F.3d 102 (2d Cir.2004).

2. Section 5K2.0 provides, in relevant part, that a sentencing court may depart from the applicable guideline range if "there exists an aggravating or mitigating circumstance . . . of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described."

rather, "the initial issue is whether or not this court has the authority to depart." Judge Baer responded, "I don't think so. You win." Murray's counsel interpreted Judge Baer's statement as "[y]ou concur that you do have the authority. Then I won't belabor the legal issue because obviously I agree with your Honor. In terms of whether your Honor should exercise that discretion, I think that's equally clear as the first prong that the Court has the authority."

Judge Baer concluded the hearing by stating that "I consider this to be a most unfortunate day in your life. I am not even sure were I to grant the departure, *which in my view [I] am unable to grant,* it would not be the most unfortunate day in your life. Indeed, I think it would be." (Emphasis added.) Additionally, Judge Baer stated that "I am not able, again, in my view, to exercise my authority with respect to a downward departure." Judge Baer then imposed a sentence principally of 235 months' imprisonment, which was at the bottom of the applicable Guidelines range.

Generally, a sentencing court's refusal to grant a downward departure is not reviewable on appeal. *See, e.g., United States v. Matthews,* 106 F.3d 1092, 1095 (2d Cir. 1997); *United States v. Moore,* 54 F.3d 92, 102 (2d Cir.1995). However, a defendant's assertion that the district court's sentencing decision was founded on legal error is reviewable on appeal. *See, e.g., United States v. Sharpsteen,* 913 F.2d 59, 62–64 (2d Cir.1990). In the instant case, Murray asserts that the District Court erroneously believed that it lacked that authority to grant a departure, and, as such, the District Court's decision is reviewable.

Ordinarily, we presume that a district court understands its authority to depart. *See United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996) (per curiam). However, where "the judge's option turns on an ob-

scure point of law or where the judge's sentencing remarks create ambiguity as to whether the judge correctly understood an available sentencing option," the presumption does not apply. *United States v. White,* 240 F.3d 127, 137 (2d Cir.2001).

Although in the instant case the District Court made some equivocal statements, the record as a whole supports the presumption that the District Court was aware of its authority to depart. Indeed, this case is quite similar to *United States v. Diaz,* 176 F.3d 52, 122 (2d Cir.1999), in which, at one point during the sentencing hearing, the judge stated that he had "no discretion" and that he "must impose a sentence of life." We held, however, that, as a whole, the record clearly established that the district court knew that it had the authority to depart, but that the defendant failed to provide sufficient grounds to warrant a departure. *See id.* Similarly here, although one or two of Judge Baer's statements are ambiguous, the record as a whole establishes that he was aware of his authority to depart under § 5K2.0, but found a departure unwarranted. For example, at one point Judge Baer responded to defense counsel's arguments by stating, "It doesn't mean that I don't believe that I can exercise authority under the guidelines, but I don't think your cases really do it for me."

Having reviewed the record and considered the arguments of the parties, we conclude that the District Court was aware of its authority to depart under § 5K2.0, and in its discretion, found a departure to be unwarranted. Consequently, we hold that the District Court's refusal to grant a downward departure is unreviewable.

Accordingly, the appeal of the judgment of the District Court is hereby DISMISSED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, 2004

WL 1713654 (U.S. *cert. granted* Aug. 2, 2004) (mem.), and *United States v. Fanfan,* No. 04–105, 2004 WL 1713655 (U.S. *cert. granted* Aug. 2, 2004) (mem.). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*