# United States Court of Appeals
## For the First Circuit

No. 07-1512

UNITED STATES OF AMERICA,

Appellee,

v.

PEDRO PIMENTEL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

Luis A. Guzmán-Dupont, for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom
Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson
Pérez-Sosa, Assistant United States Attorney, Chief, Appellate
Division, were on brief for appellee.

August 21, 2008

**TORRUELLA**, <u>Circuit Judge</u>. Pedro Pimentel was indicted on six counts of conspiracy to import with the intent to distribute drugs into the United States. He pled guilty on five counts, and he was sentenced to a total of 180 months' imprisonment. Pimentel argues that the district court erred in accepting his plea because there was no factual basis for it. He also argues that the district court erred by not properly instructed him as to Count Five. After careful consideration, we affirm Pimentel's conviction and the district court's judgment.

## I. Background

Pimentel, a citizen of the Dominican Republic, was indicted, along with ten co-defendants, for conspiracy and other drug-trafficking-related crimes. The Government had evidence that on March 15, 2005, Pimentel met with other persons in Isla Verde, Puerto Rico to coordinate shipments of drugs into the United States from the Dominican Republic; two weeks later, Pimentel met with one of his co-defendants and other persons in the Dominican Republic to coordinate the importation of cocaine into the United States. The Government also had evidence of Pimentel and his co-defendants' involvement with drugs shipped in June and September of 2005.

Pimentel was arrested on October 27, 2005, by the Drug Enforcement Administration as he attempted to pick up the drug shipments. He was indicted for conspiracy to import into the United States over five kilograms of cocaine, conspiracy to possess

with the intent to distribute over five kilograms of cocaine, aiding and abetting in the possession of a weapon in furtherance of a drug trafficking offense, distribution of a detectable amount of heroin, and a forfeiture count -- all in violation of 21 U.S.C. §§ 963, 841(a)(1), 846, and 853(p) and 18 U.S.C. §§ 924(c)(1)(A) and 2, respectively. On October 5, 2006, he entered a straight plea on Counts One through Five of the superseding indictment. He was sentenced on February 28, 2007, to 120 months' imprisonment on Counts One, Two, Three, and Five, to be served concurrently. Count Six was a forfeiture allegation. He was sentenced to sixty months' imprisonment as to Count Four, to be served consecutively to Counts One, Two, Three, and Five, for a total prison term of 180 months. The court imposed a supervised release term of five years on Counts One, Two, Three, and Five, to be served concurrently. The court also imposed a special monetary assessment of $100.00 on each count for a total of $500.00. Pimentel appeals his plea and the conviction as to Count Five.

## II. Discussion

### A. Standard of Review

Pimentel did not object to the alleged errors below; thus, we will reverse only upon a showing of plain error. See United States v. Rodríguez-León, 402 F.3d 17, 22-23 (1st Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 732 (1993)). To satisfy the plain error standard, the defendant must show (1) an

-3-

error (2) that was "'clear and obvious,'" (3) which affected his substantial rights, and (4) seriously undermined the "'fairness, integrity, or public reputation of judicial proceedings.'" United States v. Jimínez, 498 F.3d 82, 85 (1st Cir. 2007) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)). The burden is on the defendant to demonstrate that the outcome would likely have been different if the error had not occurred. See United States v. Mescual-Cruz, 387 F.3d 1, 7 (1st Cir. 2004). Pimentel "can prevail . . . only if he demonstrates a substantial defect in the Rule 11 proceeding itself." United States v. Piper, 35 F.3d 611, 613-14 (1st Cir. 1994) (citing United States v. Mateo, 950 F.2d 44, 45 (1st Cir. 1991) and United States v. Parra-Ibáñez, 936 F.2d 588, 593-94 (1st Cir. 1991)).

**B. Rule 11**

Pimentel argues that his guilty plea was not given voluntarily, willingly, or intelligently, and is, therefore, invalid. See United States v. Pizarro-Berríos, 448 F.3d 1, 4 (1st Cir. 2006). He also argues that he made a statement at his sentencing hearing that was an assertion of his innocence. The record does not support these arguments.

Rule 11 "establishes a procedure for district courts to ensure that a plea of guilty is constitutionally valid." United States v. Medina-Román, 376 F.3d 1, 2 (1st Cir. 2004). "Before the court accepts a plea of guilty . . . the defendant [is] placed

under oath, and the court must address the defendant personally in open court." Fed. R. Crim. P. 11(b)(1). The district court then informs the defendant of his rights and makes a determination that the defendant understands his rights. See id. Rule 11 has three core concerns that guide our review of whether a plea meets its requirements: "(1) absence of coercion, (2) understanding of the charges, and (3) knowledge of the consequences of the plea." Rodríguez-León, 402 F.3d at 24 (citing United States v. Isom, 85 F.3d 831, 835 (1st Cir. 1996)).

Rule 11 also requires the district court to determine whether there is a factual basis for a guilty plea. See Fed. R. Crim. P. 11(b)(3); United States v. Skerret-Ortega, 529 F.3d 33, 38 (1st Cir. 2008). "When determining whether a sufficient factual basis exists to support a guilty plea, the question before the court 'is . . . whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence.'" United States v. Delgado-Hernández, 420 F.3d 16, 27 (1st Cir. 2005) (quoting United States v. Gandía-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000)). The district court need not be convinced beyond a reasonable doubt that an accused is guilty. See Skerret-Ortega, 529 F.3d at 38.

We have repeatedly said that for the acceptance of a guilty plea to be valid under Rule 11, the plea colloquy need not

be perfect.  See United States v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003); United States v. Cotal-Crespo, 47 F.3d 1, 4-5 (1st Cir. 1995) ("What is critical is the substance of what was communicated by the trial court, and what should reasonably have been understood by the defendant, rather than the form of the communication."); United States v. Raineri, 42 F.3d 36, 45 (1st Cir. 1994).  Pimentel's attempted retraction after his guilty plea also faces a high hurdle on appeal because he has "no absolute right to retract his plea." United States v. Pellerito, 878 F.2d 1535, 1537 (1st Cir. 1989) (citations omitted); see also Miranda-González v. United States, 181 F.3d 164, 165 (1st Cir. 1999).

The record indicates that although Pimentel was initially hesitant about the plea, the court adequately advised him on five separate occasions that he had an absolute right not to plead guilty and to go to trial.  In response to his unease, the Government advised the court that it had an undercover police officer who would testify at trial regarding Pimentel's involvement in the crimes he was charged with committing.  After speaking with his counsel, Pimentel determined that he would plead guilty.  At the change-of-plea ("COP") hearing Pimentel also acknowledged that he was not forced, coerced, or intimidated into pleading guilty and that he was satisfied with his counsel's representation.  At the sentencing hearing, Pimentel did not request the withdrawal of his

guilty plea, though he did express some concerns. He claimed that there was an alleged missing tape-recording that could reflect that he was not willing to take part in the conspiracy. He also claimed that the drugs and firearms seized during the arrest did not belong to him.

After Pimentel made those claims, the district court advised him that he was not charged as the owner of the drugs or the weapon, but that he was charged with conspiracy. The district court determined that Pimentel's claims of exculpatory evidence lacked credibility because he had previously admitted to the conspiracy and admitted that there was a gun in the vehicle when he went with his co-defendant to pick up the drugs. Pimentel's lawyer also ensured the district court that the Government had provided Pimentel with all of the video and audio evidence that was available. Pimentel does not contest the fact that he was involved in picking up the drugs or that his co-defendant possessed a firearm during the commission of the drug offense. When the Government presented facts at the COP hearing in relation to the drug and firearms offenses, Pimentel admitted to the court that he agreed to the factual proffer presented by the Government. From our reading of the record, the district court did indeed inform Pimentel of his rights under Rule 11.

Pimentel argues that the district court did not inform him of the overt acts in the counts on which he was pleading.

Overt acts, however, are not elements of drug conspiracy offenses, and the district court was not required to cite or address them in its explanation of the conspiracy charges. See United States v. Shabani, 513 U.S. 10, 13-14 (1994); United States v. Vega-Figueroa, 234 F.3d 744, 754 (1st Cir. 2000). Furthermore, the Government need not prove overt acts in order to convict a defendant of a drug conspiracy offense. See United States v. Bello-Pérez, 977 F.2d 664, 669 (1st Cir. 1992) ("The government is not required to plead or prove any overt act in furtherance of a section 846 conspiracy."). The district court adequately and fully advised Pimentel concerning the nature of the five offenses charged in the superseding indictment; Pimentel acknowledged that he had discussed the charges with his attorney, understood the allegations, and chose to plead guilty.

Pimentel also argues that the district court failed to advise him of his rights under Rule 11(b)(1)(A). When the district court accepts a plea agreement, it must advise a defendant that the Government has a "right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath." Fed. R. Crim. P. 11(b)(1)(A). The district court did not advise. But in United States v. Vonn, 535 U.S. 55 (2002), the Supreme Court determined that when a defendant fails to object to a Rule 11 error in a trial court's guilty plea colloquy, the error is only reversible upon a showing that such

-8-

error was plain and affected the defendant's substantial rights, instead of the harmless error standard stated in Rule 11(h). Id. at 59; see also United States v. Borrero-Acevedo, 533 F.3d 11, 15 (1st Cir. 2008). When determining whether a defendant's substantial rights were affected, we "consult the whole record." Vonn, 535 U.S. at 59. Pimentel failed to argue or present facts on appeal that his rights were substantially affected by the court's error. This argument is therefore waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

### 1. Count Five

The Government acknowledges that the district court erred with respect to Count Five because it did not advise Pimentel of the proper statutory penalty. The district court should have advised Pimentel of the proper penalty but addressed Count Five like the other drug offenses. The Government asserts, though, that Pimentel fails to argue that his substantial rights were affected; nor can he show that his substantial rights were affected. We agree. The error made no difference in Pimentel's sentence. He received the fifteen years' imprisonment that the Government said it would recommend. See United States v. King, 234 F.3d 126, 127 (2d Cir. 2000) ("[W]e have only reversed a judgment of conviction for a violation of Rule 11(e)(2) when the defendant received a higher sentence than that recommended by the government, or when there were other factors to 'tip the scale' in favor of reversal.")

-9-

(citation omitted).  The district court and Pimentel's lawyer advised him of the sentence range.  The record reflects that Pimentel acknowledged his understanding of his possible sentence. He then received that sentence.  Therefore, his claim as to Count Five fails.

### C.  Rejecting Guilty Plea Before Sentencing

Pimentel argues that entering a guilty plea does not waive any challenges he might have to the acceptance of the plea. Rule 11 allows a defendant to withdraw a guilty plea, for any reason, "after the court accepts the plea, but before it imposes sentence if, the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B). Pimentel admits that he did not file a motion to withdraw his guilty plea before sentencing.  His claim therefore is without merit, and we need go no further.

### D.  Conviction for "Detectable Amount of Heroin"

Finally, Pimentel argues that his conviction under 21 U.S.C. § 841(a)(1) involving a mixture or substance containing a detectable amount of heroin, without more, was entered for an offense for which there is no Sentencing Guideline.  He argues that the indictment is unreasonable and plain error because it did not contain a specific weight of heroin and should be declared invalid. He maintains that the conviction under Count Five without a specific weight of heroin is plain error.  Although the D.C.

Circuit has held that a related subsection of § 841 "contains no threshold drug-quantity requirement and, therefore, it was not error to indict [the defendant] for possessing 'a detectable amount' but omit mention of the specific quantity," United States v. Gillespie, 436 F.3d 272, 276 (D.C. Cir. 2006), we do not need to decide this issue today because Pimentel did not properly raise this argument in the district court.

Federal Rule of Criminal Procedure 12(b)(3) requires that a claim that an indictment has a "defect," such as being insufficiently specific, be raised prior to trial. Fed. R. Crim. P. 12(b)(3)(B); see also United States v. DiGregorio, 605 F.2d 1184, 1193 n.10 (1st Cir. 1979). If the claimed defect is not jurisdictional, the defendant's failure to raise the Rule 12(b)(3) claim constitutes a waiver from which this Court will grant relief only for good cause. See Fed. R. Crim. P. 12(e); United States v. Mack, 892 F.2d 134, 136 (1st Cir. 1989).

The alleged error is not a jurisdictional defect because the district court has subject matter jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231; United States v. Lussier, 929 F.2d 25, 27 (1st Cir. 1991). This category of offenses includes crimes defined in Title 21. See 21 U.S.C. § 841. The Supreme Court has determined that indictment defects are not jurisdictional, and thus, the omission of specific drug quantities in a 21 U.S.C. § 846 drug conspiracy offense was

-11-

not a jurisdictional defect.  United States v. Cotton, 535 U.S. 625, 631 (2002); see also United States v. López, 300 F.3d 46, 59 n.5 (1st Cir. 2002).  Moreover, we have previously held that drug quantity is not an element of a § 841 offense.  See United States v. Malouf, 466 F.3d 21, 26 (1st Cir. 2006); United States v. Goodine, 326 F.3d 26, 32 (1st Cir. 2003).  The failure to state the specific drug quantity affects only the maximum punishment possible for the offense and not the offense charged.  See 21 U.S.C. § 841(b); Goodine, 326 F.3d at 32-33.  Pimentel's claim, therefore, is without merit.

## III.  Conclusion

For the reasons stated above, we affirm the guilty plea and the conviction as to Count Five.

**Affirmed**.