**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
# For the First Circuit

---

No. 06-2432

UNITED STATES OF AMERICA,

Appellee,

v.

RAMÓN PÉREZ-MEJÍAS,

Defendant, Appellant.

---

No. 06-2616

UNITED STATES OF AMERICA,

Appellee,

v.

TÓMAS ROSARIO-PACHÉ,

Defendant, Appellant.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Héctor M. Laffitte, U.S. District Judge]

---

Before

Lipez, Selya and Howard,
Circuit Judges.

---

Edwin E. León León on brief for appellant Ramón Pérez-Mejías.

Rafael Anglada-Lopez on brief for appellant Tomás Rosario-Paché.

        Nelson Pérez-Sosa, Assistant U.S. Attorney, Thomas E. Klumper, Assistant U.S. Attorney, and Rosa Emilia Rodriguez-Vélez, United States Attorney, on brief for appellee.

September 17, 2008

**Per Curiam**.  These two consolidated appeals arise from a multi-defendant prosecution for conspiracy to smuggle cocaine into the United States from the Dominican Republic and to possess the cocaine with intent to distribute it.  On appeal, one defendant, Tomás Rosario-Paché (Rosario), argues that (i) the government "entrapped" him by inducing criminal conduct that he was not predisposed to commit and (ii) he was entitled to a much more lenient sentence because of his substantial assistance to the government.  The other defendant, Ramón Pérez-Mejías (Pérez), argues that the district court erred in not vacating his guilty plea at sentencing.  Both appeals raise the threshold issue of whether they are barred by the appeal waivers contained in defendants' plea agreements.  For the reasons discussed below, we affirm both judgments.

Rosario pled guilty pursuant to a plea agreement, which contained the following appeal waiver:  "Defendant agrees that if this Honorable Court accepts this agreement and sentences hi[m] according to its terms and conditions, defendant waives and surrenders his right to appeal the conviction and sentence in this case."  In that agreement, the parties further agreed "to recommend a sentence at the lower end of the applicable guideline range," and Rosario ultimately received a sentence two months below the bottom of that range.

In his appellate brief, Rosario makes no mention of the appeal waiver. Nor did he file a reply brief addressing the appeal waiver even though the government's brief primarily argued that Rosario's appeal was barred by that waiver. Rather, his brief makes two bare-boned merits arguments, namely, that the government committed entrapment by inducing him to commit a crime that he was not predisposed to commit and that he was entitled to a more lenient sentence due to his substantial assistance.

Where, as here, a defendant agrees to waive his right to appeal but then appeals and does not address the appeal waiver in his appellate brief, "he forfeits any right to contend either that the waiver should not be enforced or that it does not apply." United States v. Miliano, 480 F.3d 605, 607 (1st Cir. 2007). Rosario's appeal "is subject to dismissal for this reason alone." Id. at 608.

Moreover, even if we were to overlook the appeal waiver and Rosario's failure to address it, his appellate arguments would be deemed waived because they are not adequately developed. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Both arguments are made only in a conclusory fashion, primarily in the summary of argument and argument headings; and no attempt is made to apply the generally stated legal principles to the facts. Such briefing is patently insufficient to warrant appellate review. United States

-4-

v. Martí-Lón, 524 F.3d 295, 299 n.2 (1st Cir. 2008); Casillas-Díaz v. Palau, 463 F.3d 77, 83-84 (1st Cir. 2006).

Like Rosario, Pérez waived his right to appeal the "judgment and sentence" if the district court "accept[ed] [his plea] agreement and sentence[d] him according to its terms and conditions." However, unlike Rosario, Pérez does not entirely ignore the appeal waiver in his appellate brief. He repeatedly mentions the waiver in the context of arguing that his plea was unknowing. Nevertheless, he does not address the waiver's effect on his right to appeal. So, it could be argued that Pérez's appeal should also be dismissed under Miliano. The real difference is that the government, in its brief, affirmatively waived any argument that the appeal waiver bars Pérez's appeal from the district court's failure to vacate his guilty plea. We therefore proceed to consider the merits of Pérez's appeal.

On the merits, Pérez's sole argument is that the district court erred in not considering his statements at sentencing as a request to withdraw his plea and in not granting that request. If a defendant moves to withdraw his guilty plea before sentencing and the district court denies the motion, that denial is reviewed for abuse of discretion. United States v. Mescual-Cruz, 387 F.3d 1, 6 (1st Cir. 2004). However, if a defendant does not move to withdraw his guilty plea before sentencing, he cannot mount an appellate challenge to the district court's failure to allow him to do so.

United States v. Pimentel, 2008 WL 3866732, at *4 (1st Cir. Aug. 21, 2008).  Here, Pérez filed no motion to withdraw his guilty plea before sentencing.  Moreover, the district court was not required to treat Pérez's various questions about the plea agreement and the presentence report during the sentencing hearing as a request to withdraw his guilty plea.  This is particularly so because when the court stated its belief that Pérez was not seeking to withdraw his plea, neither Pérez nor his counsel said anything to the contrary.[1]  Accordingly, Pérez's claim that the district court should have allowed him to withdraw his plea fails under Pimentel.

The district court's judgments in both cases are affirmed.  See 1st Cir. R. 27.0(c).

---

[1]We note parenthetically that, even if we were inclined to view what happened at sentencing as a denial of a request to withdraw the plea, such a denial would not be an abuse of discretion.  This conclusion derives from the timing of the request (on the day of sentencing, more than three months after the plea was accepted) and the lack of any claim of actual innocence.  See United States v. Sousa, 468 F.3d 42, 46-47 (1st Cir. 2006).