# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued September 27, 2005       Decided November 8, 2005

No. 04-3143

UNITED STATES OF AMERICA,
APPELLEE

v.

LEE M. AYERS,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 02cr00324-01)

---

*Neil H. Jaffee*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A. J. Kramer*, Federal Public Defender.

*Elizabeth H. Danello*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, *John R. Fisher*, Assistant U.S. Attorney at the time the brief was filed, and *Roy W. McLeese, III*, Assistant U.S. Attorney.

Before: GINSBURG, *Chief Judge*, and HENDERSON and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: Defendant Lee Ayers was convicted by a jury of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). On appeal he challenges his sentence, which was imposed after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), but prior to its decision in *United States v. Booker*, 125 S. Ct. 738 (2005). The district court, aware that the United States Sentencing Guidelines were vulnerable after *Blakely*, imposed a sentence of 53 months, near the low end of the applicable guidelines range (51-63 months), and announced an alternative but identical sentence "should the guidelines be struck down and ruled unconstitutional in their totality." Ayers anticipated the actual result in *Booker* and, believing the record did not contain all the evidence relevant to a non-guidelines sentence, asked that he be permitted to supplement the record with additional mitigating evidence, which request the court denied.

Ayers challenged under the Sixth Amendment to the Constitution of the United States the mandatory enhancement of his sentence (a two-level enhancement of his base offense level under U.S.S.G. § 2K2.1(b)(4) for a stolen firearm) based upon facts not proven to a jury beyond a reasonable doubt. In light of the Supreme Court's decision in *Booker*, the Government now concedes the district court's constitutional error. The Government argues, however, that the error was harmless in that it can show "beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained." *See United States v. Coumaris*, 399 F.3d 343, 351 (D.C. Cir. 2005) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)) (alteration in original); *cf. United States v. Coles*, 403 F.3d 764, 767 (D.C. Cir. 2005) (where defendant did not preserve constitutional error, review is for plain error and defendant must show prejudice). Under *Booker*, the error "is the mandatory use

of the Guidelines enhancement, not the fact of the enhancement." *Coles*, 403 F.3d at 769 (quoting *United States v. Williams*, 399 F.3d 450, 458 (2d Cir. 2005)).

The Government argues the record establishes beyond a reasonable doubt that the district court's error was harmless because the district court announced an identical alternative sentence "in the event the Guidelines were invalidated." Ayers counters that the record is inadequate to discharge the Government's heavy burden because

> there is no indication in the record that the sentencing judge complied with *Booker*'s requirement that she consider the advisory Guidelines range as only one of many factors to be considered in fashioning an appropriate sentence that furthers the congressional sentencing goals as set forth in [18 U.S.C.] § 3553(a).

The Supreme Court, in the remedy portion of its decision in *Booker*, not only rendered the Guidelines advisory rather than mandatory by invalidating 18 U.S.C. §§ 3553(b)(1) & 3742(e); it also preserved the remainder of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, including the sentencing factors set out in § 3553(a). *See Booker*, 125 S. Ct. at 764-68; *Coles*, 403 F.3d at 766. As the Second Circuit has recognized, therefore, "without the mandatory duty to apply the Guidelines, consideration of the other section 3553(a) factors 'acquires renewed significance.'" *United States v. Lake*, 419 F.3d 111, 114 (2d Cir. 2005) (quoting *United States v. Crosby*, 397 F.3d 103, 111 (2d Cir. 2005)).

Although the announcement of an identical alternative sentence might establish harmless error on a different record, in this case we are not certain beyond a reasonable doubt that the district court, when announcing its alternative sentence,

understood its obligation to consider the factors in § 3553(a). The district court did not explain why its alternative sentence matched its guidelines sentence; rather, the judge said only "I see no reason to change [from the sentence under the Guidelines]." This by itself might not give rise to a reasonable doubt, but there is more. In his sentencing memorandum, Ayers requested, "If the Court intend[ed] to impose an indeterminate sentence, either ignoring the guidelines completely or using them as advisory only," that it order the probation office

> to prepare a new presentence report aimed at an indeterminate sentence and continue the scheduled sentencing hearing so that [Ayers would] have a full opportunity to present appropriate mitigating evidence, consistent with the dictates of 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of [a defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence").

Mitigating evidence would have been relevant, of course, to the court's analysis under § 3553(a). That the district court denied this request informs our interpretation of the alternative sentence it imposed and leaves us in doubt as to whether the court considered the other sentencing factors in § 3553(a) together with the Guidelines in formulating its non-guidelines sentence. *Cf. United States v. Porter*, 417 F.3d 914, 917-18 (8th Cir. 2005) (district court's imposition of alternative sentence "as if *Blakely* would apply" deemed "too cryptic" to conclude it "contemplated an advisory guidelines system under which it was required to consider the advisory guideline range as one factor among others listed in 18 U.S.C. § 3553(a)").

When the district court does not exercise its discretion to

grant a sentence outside the guidelines range and the defendant does not object to the district court's failure to explain its reasoning on the record, we begin our review with the presumption "that the district court knew and applied the law correctly." *See United States v. Pinnick*, 47 F.3d 434, 439-40 (D.C. Cir. 1995) (quoting *United States v. Garcia-Garcia*, 927 F.2d 489, 491 (9th Cir. 1991)). Therefore, we ordinarily presume a district court imposing an alternative non-guidelines sentence took into account all the factors listed in § 3553(a) and accorded them the appropriate significance. *See, e.g., United States v. Haire*, No. 02-3009, 2005 U.S. App. LEXIS 15158 (D.C. Cir. July 22, 2005). In this case, however, that presumption is rebutted by the district court's unexplained denial of Ayers' request to enter additional mitigating evidence specifically for the court's use in determining his non-guidelines sentence.

The Government seeks to avoid this conclusion on the ground that the district court had an opportunity to consider all relevant mitigating factors because, at the sentencing hearing, before it announced its alternative non-guidelines sentence, the court asked whether the defendant had anything to add. As we have seen, however, Ayers had previously objected to the adequacy of the record to support an indeterminate sentence. In response to the district court's question, therefore, he understandably said he had nothing to add to his "written filings." The district court did not take this "opportunity" to reconsider its rejection of the defendant's proffer.

Because Ayers preserved his objection to his sentence and because the Government has failed to show that mandatory application of the Guidelines was harmless, we vacate Ayers' sentence and remand this case to the district court for resentencing consistent with the Supreme Court's decision in *Booker. Compare Coumaris*, 399 F.3d at 351 (vacating sentence

and remanding for resentencing when mandatory use of Guidelines not shown to be harmless), *with Coles*, 403 F.3d at 767 (applying plain error standard and remanding record for district court to determine whether "there would have been a materially different result, more favorable to the defendant, had the sentence been imposed in accordance with the post-*Booker* sentencing regime").

*So ordered.*