# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 17, 2005　　　　Decided January 3, 2006

No. 04-3158

UNITED STATES OF AMERICA,
APPELLEE

v.

ALFONSO GODINES, *A/K/A* MEXICO,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 04cr00071-01)

*Neil H. Jaffee*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A. J. Kramer*, Federal Public Defender.

*Valinda Jones*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief was *Kenneth L. Wainstein*, U.S. Attorney, and *John R. Fisher*, Assistant U.S. Attorney at the time the brief was filed. *Roy W. McLeese, III*, Assistant U.S. Attorney, entered an appearance.

Before: SENTELLE and ROGERS, *Circuit Judges,* and SILBERMAN, *Senior Circuit Judge.*

Opinion for the Court filed PER CURIAM.

Concurring opinion filed by *Circuit Judge* ROGERS.

PER CURIAM: Alfonso Godines (a.k.a. "Mexico") pled guilty to distributing 150-500 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii). At the sentencing hearing—which took place after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), but before its decision in *United States v. Booker*, 125 S. Ct. 738 (2005)—Godines objected to the mandatory application of the Sentencing Guidelines. In response, the District Court entered into the record two alternative rationales for the sentence imposed. First, applying the Guidelines as mandatory, the District Court sentenced Godines to 115 months imprisonment. Second, applying the Guidelines "only as advisory, not as controlling," the District Court announced that it would sentence Godines to the same 115-month prison term. Godines timely appealed. Because we conclude the alternative sentencing rationale rendered harmless any error in the mandatory Guidelines sentence,[1] we affirm.

---

[1] Godines argues that his mandatory Guidelines sentence violated the Sixth Amendment under both *Booker* and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Given our disposition of this case, and given that Godines's sentence (115 months) fell *below* the maximum authorized under the Guidelines based on the facts admitted in his plea agreement (135 months), we need not and do not reach the *Almendarez-Torres* issue. *Compare Booker*, 125 S. Ct. at 756 ("[W]e reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

3

I

We review Godines's preserved objection to his alternative sentence under the harmless error standard. *See United States v. Coumaris*, 399 F.3d 343, 351 (D.C. Cir. 2005). On the facts presented, we are confident beyond a reasonable doubt that the District Court did not commit prejudicial error affecting Godines's substantial rights.

Given the uncertainty surrounding the Guidelines after *Blakely* and before *Booker*, the District Court imposed an "alternative sentence" in addition to the mandatory Guidelines sentence:

> But I will at this time also give an alternative sentence in my discretion with reference to the sentencing guidelines, but only as advisory, not as controlling. And reviewing all the facts and circumstances that I have already discussed, I find in my discretion, looking to the sentencing guidelines only in an advisory way, that for the reasons that I have already discussed and reviewed, a sentence of 115 months is the appropriate sentence in this case. That is the sentence, alternatively, that the Court imposes in its discretion.

Godines argues that the District Court's alternative rationale impermissibly failed to "consider" the numerous sentencing factors listed in 18 U.S.C. § 3553(a). However, even under the harmless error standard, "we begin our review with the presumption 'that the district court knew and applied the law correctly.'" *United States v. Ayers*, 428 F.3d 312, 315 (D.C. Cir. 2005) (quoting *United States v. Pinnick,* 47 F.3d 434, 439-40 (D.C. Cir. 1995)).

4

In this case, unlike in *Ayers*, there is nothing to rebut that presumption. To the contrary, the District Court presciently foresaw the contours of its obligations under the theretofore undefined "advisory" Guidelines regime, and nothing in *Booker* or this Circuit's precedents requires anything more. Accordingly, we hold the District Court's alternative rationale rendered harmless its mandatory application of the Sentencing Guidelines. *See United States v. Simpson*, — F.3d —, 2005 WL 3370060, at *11 (D.C. Cir. Dec. 13, 2005); *cf. Ayers*, 428 F.3d at 314-15.

II

At oral argument, Godines attempted to rebut *Ayers*'s presumption by arguing that the District Court failed to "consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Ordinarily, an issue raised for first time at oral argument is "waived because it was not raised in [the] briefs." *Ark Las Vegas Rest. Corp. v. NLRB*, 334 F.3d 99, 108 n.4 (D.C. Cir. 2003). However, because *Ayers* was decided after the parties' briefs were submitted, and because we have not afforded the parties the opportunity to submit supplemental briefing on the issue, we consider Godines's argument, although we reject it on the merits. *Cf. Hormel v. Helvering*, 312 U.S. 552, 558-59 (1941).

More specifically, Godines argues that, without the Guidelines in place, district judges will enter disparate sentences on defendants convicted of committing offenses involving crack cocaine. Given the impetus for sentencing uniformity contained in section 3553(a)(6), Godines argues, the courts cannot validly sentence to an alternative without that consideration. Since there were no such new sentences without the Guidelines at the time of the entry of the alternative sentencing rationale, he

concludes, the judge could not have considered them, and therefore the alternative rationale must be reconsidered after *Booker*. While ingenious on its face, this argument will not withstand examination. The same requirement of uniformity applies to all offenses, not just those involving a particular controlled substance. The same impossibility of consideration of sentences not yet imposed exists as to all offenses. Were we to adopt Godines's theory and conclusion, the sentences upheld under the *Ayers* presumption would be an empty set. The Guidelines, advisory or even if mandatory, did not require an oracular judge who would consider all of the sentences not yet imposed. The most a judge can do is consider those other sentences that do exist. The comparable sentences will be much smaller in the early days of any sentencing regime than in the later, but this does not invalidate either set of sentences. As with any other factor under section 3553(a), we presume the District Court to have known and done what the law required absent a showing to the contrary.

For the reasons set forth above, the sentencing judgment under review is affirmed.

*So ordered*.

ROGERS, J., *concurring*: I write separately to clarify the state of the law of this circuit in light of *United States v. Simpson*, No. 04-3129, 2005 WL 3370060 (D.C. Cir. Dec. 13, 2005), and *United States v. Ayers*, 428 F.3d 312 (D.C. Cir. 2005). In *Simpson,* the court held that a sentence was free of error under *United States v. Booker*, 543 U.S. 220 (2005), because the judgment recited a single sentence with alternative rationales. *Simpson,* 2005 WL 3370060, at *10. In addition to a rationale based on the mandatory Guidelines, the district court stated a discretionary rationale treating the Guidelines as advisory after giving proper consideration to the sentencing factors enumerated in 18 U.S.C. § 3553(a). *See Simpson,* 2005 WL 3370060, at *5-*7. Although the district court was without lawful authority to impose a discretionary sentence when it sentenced Simpson because the Guidelines were still mandatory, this court sidestepped a harmless error analysis by treating the discretionary rationale as sufficient to support the judgment despite the *Booker* error. *See id.* at *6. By recasting the district court's sentence as one imposed under "alternative rationales," *Simpson* placed the burden of proving prejudicial error on the defendant. *See id.* at *5.

The court in *Simpson* emphasized that this court reviews judgments, not opinions of the district court about what it might do under other circumstances. *See id.* (quoting *People's Mojahedin Organization of Iran v. U.S. Department of State*, 182 F.3d 17, 23 n.7 (D.C. Cir. 1999)(quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842 (1984))). The formal judgment entered on the docket in *Simpson* stated both the mandatory and alternative rationales for the sentence, and identified a separate source of legal authority for each rationale. *See Simpson,* 2005 WL 3370060, at *5. By contrast, the docketed judgment in this case refers only to a sentence imposed under the mandatory Guidelines. Although "the order of judgment and commitment is merely evidence of [the] sentence," *Gilliam v. United States*, 269 F.2d 770, 772

(D.C. Cir. 1959)(citation omitted), the district court, when pronouncing Godines' sentence, stated that "the judgment of the Court" was entered pursuant to the mandatory Guidelines. *See* Sentencing Hr'g Tr. at 32-33. The district court also opined that it would impose an identical sentence if the mandatory Guidelines no longer applied, *see id.* at 36, but did not include an alternative rationale for the sentence in either the docketed judgment or the pronouncement of the sentence. As the court held in *Simpson*, "[t]here is no question" that the sentence imposed under the mandatory Guidelines was error. *Simpson*, 2005 WL 3370060, at *5. Unlike *Simpson*, however, no error-free source of authority for sentencing Godines was set forth in the judgment.

Consequently, because our review is limited to the judgment, *see id.*, the district court's opinion about the discretionary sentence it would impose does not stand in the same posture as "an independent ground by which the district court reached the same judgment," *id.* at *7, and because Godines preserved an objection, *see* Op. at 1, the harmless error analysis in *Ayers*, 428 F.3d at 314-15, applies. The Government thus bears the "heavy burden" of proving that the *Booker* error was harmless. *See Ayers*, 428 F.3d at 314. In *Ayers*, in which the court was presented with two identical sentences — one imposed under the mandatory Guidelines and one announced on the assumption that the Guidelines were no longer mandatory — the court stated that "the announcement of an identical alternative sentence might establish harmless error." *Id.* The court presumed that a district court announcing an alternative non-Guidelines sentence "took into account all the factors listed in § 3553(a) and accorded them the appropriate significance." *Id.* at 315. It remanded the case for resentencing, however, because the district court had refused to admit mitigating evidence, thereby rebutting the presumption that the district court had properly considered the section 3553(a) factors. *See*

*id*. The "alternative sentence" approach adopted in *Ayers*, then, serves as a means to avoid needless judicial proceedings but it does not eliminate the need for harmless error analysis. Nothing warrants deviation from our typical approach here.

Under *Ayers*, the district court's imposition on Godines of the mandatory Guidelines sentence was error, and the only question is whether the district court's announcement of an identical "alternative sentence" establishes beyond a reasonable doubt that the error was harmless. *See id*. at 314. Suffice it to say, because Godines has failed to rebut the presumption that the district court properly weighed the section 3553(a) factors, *see* Op. at 2-4, the *Booker* error was harmless and a remand for resentencing is unnecessary. Accordingly, I concur in the judgment affirming the conviction.