Opinion for the Court filed PER CURIAM.
Concurring opinion filed by Circuit Judge ROGERS.
PER CURIAM.
Alfonso Godines (a.k.a.“Mexico”) pled guilty to distributing 150-500 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(l)(B)(iii). At the sentencing hearing — which took place after the Supreme Court’s decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), but before its decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) — Godines objected to the mandatory application of the Sentencing Guidelines. In response, the District Court entered into the record two alternative rationales for the sentence imposed. First, applying the Guidelines as mandatory, the District Court sentenced Godines to 115 months imprisonment. Second, applying the Guidelines “only as advisory, not as controlling,” the District Court announced that it would sentence Godines to the same 115-month prison term. Godines timely appealed. Because we conclude the alternative sentencing rationale rendered harmless any error in the mandatory Guidelines sentence,[1] we affirm.
I
We review Godines’s preserved objection to his alternative sentence under *70 the harmless error standard. See United States v. Coumaris, 399 F.3d 343, 351 (D.C.Cir.2005). On the facts presented, we are confident beyond a reasonable doubt that the District Court did not commit prejudicial error affecting Godines’s substantial rights.
Given the uncertainty surrounding the Guidelines after Blakely and before Booker, the District Court imposed an “alternative sentence” in addition to the mandatory Guidelines sentence:
But I will at this time also give an alternative sentence in my discretion with reference to the sentencing guidelines, but only as advisory, not as controlling. And reviewing all the facts and circumstances that I have already discussed, I find in my -discretion, looking to the sentencing guidelines only in an advisory way, that for the reasons that I have already discussed and reviewed, a sentence of 115 months is the appropriate sentence in this case. That is the sentence, alternatively, that the Court imposes in its discretion.
Godines argues that the District Court’s alternative rationale impermissibly failed to “consider” the numerous sentencing factors listed in 18 U.S.C. § 3553(a). However, even under the harmless error standard, “we begin our review with the presumption ‘that the district court knew and applied the law correctly.’ ” United States v. Ayers, 428 F.3d 312, 315 (D.C.Cir.2005) (quoting United States v. Pinnick, 47 F.3d 434, 439-40 (D.C.Cir. 1995)).
In this case, unlike in Ayers, there is nothing to rebut that presumption. To the contrary, the District Court presciently foresaw the contours of its obligations under the theretofore undefined “advisory” Guidelines regime, and nothing in Booker or this Circuit’s precedents requires anything more. Accordingly, we hold the District Court’s alternative rationale rendered harmless its mandatory application of the Sentencing Guidelines. See United States v. Simpson, 430 F.3d 1177, 2005 WL 3370060, at *11 (D.C.Cir. Dec.13, 2005); cf. Ayers, 428 F.3d at 314-15.
II
At oral argument, Godines attempted to rebut Ayers’s presumption by arguing that the District Court failed to “consider ... the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” 18 U.S.C. § 3553(a)(6). Ordinarily, an issue raised for first time at oral argument is “waived because it was not raised in [the] briefs.” Ark Las Vegas Rest. Corp. v. NLRB, 334 F.3d 99, 108 n. 4 (D.C.Cir.2003). However, because Ayers was decided after the parties’ briefs were submitted, and because we have not afforded the parties the opportunity to submit supplemental briefing on the issue, we consider Godines’s argument, although we reject it on the merits. Cf. Hormel v. Helvering, 312 U.S. 552, 558-59, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).
More specifically, Godines argues that, without the Guidelines in place, district judges will enter disparate sentences on defendants convicted of committing offenses involving crack cocaine. Given the impetus for sentencing uniformity contained in section 3553(a)(6), Godines argues, the courts cannot validly sentence to an alternative without that consideration. Since there were no such new sentences without the Guidelines at the time of the entry of the alternative sentencing rationale, he concludes, the judge could not have considered them, and therefore the alternative rationale must be reconsidered after Booker. While ingenious on its face, *71 this argument will not withstand examination. The same requirement of uniformity applies to all offenses, not just those involving a particular controlled substance. The same impossibility of consideration of sentences not yet imposed exists as to all offenses. Were we to adopt Godines’s theory and conclusion, the sentences upheld under the Ayers presumption would be an empty set. The Guidelines, advisory or even if mandatory, did not require an oracular judge who would consider all of the sentences not yet imposed. The most a judge can do is consider those other sentences that do exist. The comparable sentences will be much smaller in the early days of any sentencing regime than in the later, but this does not invalidate either set of sentences. As with any other factor under section 3553(a), we presume the District Court to have known and done what the law required absent a showing to the contrary.
For the reasons set forth above, the sentencing judgment under review is affirmed.

So ordered.

. Godines argues that his mandatory Guidelines sentence violated the Sixth Amendment under both Booker and Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Given our disposition of this case, and given that Godines's sentence (115 months) fell below the maximum authorized under the Guidelines based on the facts admitted in his plea agreement (135 months), we need not and do not reach the Almendarez-Torres issue. Compare Booker, 125 S.Ct. at 756 (”[W]e reaffirm our holding in Apprendv. Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.”).