ROGERS, J.,
concurring.
I write separately to clarify the state of the law of this circuit in light of United States v. Simpson, 430 F.3d 1177 (D.C.Cir.2005), and United States v. Ayers, 428 F.3d 312 (D.C.Cir.2005). In Simpson, the court held that a sentence was free of error under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the judgment recited a single sentence with alternative rationales. Simpson, 430 F.3d 1177, 1189. In addition to a rationale based on the mandatory Guidelines, the district court stated a discretionary rationale treating the Guidelines as advisory after giving proper consideration to the sentencing factors enumerated in 18 U.S.C. § 3553(a). See Simpson, 430 F.3d 1177, 1183-84. Although the district court was without lawful authority to impose a discretionary sentence when it sentenced Simpson because the Guidelines were still mandatory, this court sidestepped a harmless error analysis by treating the discretionary rationale as sufficient to support the judgment despite the Booker error. See id. at 1185. By recasting the district court’s sentence as one imposed under “alternative rationales,” Simpson placed the burden of proving prejudicial error on the defendant. See id. at 1184.
The court in Simpson emphasized that this court reviews judgments, not opinions of the district court about what it might do under other circumstances. See id. (quoting People’s Mojahedin Organization of Iran v. U.S. Department of State, 182 F.3d 17, 23 n. 7 (D.C.Cir.1999)(quoting Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984))). The formal judgment entered on the docket in Simpson stated both the mandatory and alternative rationales for the sentence, and identified a separate source of legal authority for each rationale. See Simpson, 430 F.3d 1177, 1184. By contrast, the docketed judgment in this case refers only to a sentence imposed under the mandatory Guidelines. Although “the order of judgment and commitment is merely evidence of [the] sentence,” Gilliam v. United States, 269 F.2d 770, 772 (D.C.Cir.1959) (citation omitted), the district court, when pronouncing Go-dines’ sentence, stated that “the judgment of the Court” was entered pursuant to the mandatory Guidelines. See Sentencing Hr’g Tr. at 32-33. The district court also opined that it would impose an identical sentence if the mandatory Guidelines no longer applied, see id. at 36, but did not include an alternative rationale for the sentence in either the docketed judgment or *72 the pronouncement of the sentence. As the court held in Simpson, “[t]here is no question” that the sentence imposed under the mandatory Guidelines was error. Simpson, 430 F.3d 1177, 1184. Unlike Simpson, however, no error-free source of authority for sentencing Godines was set forth in the judgment.
Consequently, because our review is limited to the judgment, see id., the district court’s opinion about the discretionary sentence it would impose does not stand in the same posture as “an independent ground by which the district court reached the same judgment,” id. at 1185, and because Godines preserved an objection, see Op. at 1, the harmless error analysis in Ayers, 428 F.3d at 314-15, applies. The Government thus bears the “heavy burden” of proving that the Booker error was harmless. See Ayers, 428 F.3d at 314. In Ayers, in which the court was presented with two identical sentences — one imposed under the mandatory Guidelines and one announced on the assumption that the Guidelines were no longer mandatory — the court stated that “the announcement of an identical alternative sentence might establish harmless error.” Id. The court presumed that a district court announcing an alternative non-Guidelines sentence “took into account all the factors listed in § 3553(a) and accorded them the appropriate significance.” Id. at 315. It remanded the case for resentencing, however, because the district court had refused to admit mitigating evidence, thereby rebutting the presumption that the district court had properly considered the section 3553(a) factors. See id The “alternative sentence” approach adopted in Ayers, then, serves as a means to avoid needless judicial proceedings but it does not eliminate the need for harmless error analysis. Nothing warrants deviation from our typical approach here.
Under Ayers, the district court’s imposition on Godines of the mandatory Guidelines sentence was error, and the only question is whether the district court’s announcement of an identical “alternative sentence” establishes beyond a reasonable doubt that the error was harmless. See id. at 314. Suffice it to say, because Go-dines has failed to rebut the presumption that the district court properly weighed the section 3553(a) factors, see Op. at 2-4, the Booker error was harmless and a remand for resentencing is unnecessary. Accordingly, I concur in the judgment affirming the conviction.