Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 14, 2005      Decided February 7, 2006

No. 04-3170

UNITED STATES OF AMERICA,
APPELLEE

v.

LEONARD GILLESPIE,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 03cr00494)

———

*Michael F. Williams*, appointed by the court, argued the cause and filed the briefs for appellant. With him on the brief was *Barbara Mack Harding*.

*John P. Mannarino*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief was *Kenneth L. Wainstein*, U.S. Attorney. *Roy W. McLeese, III*, Assistant U.S. Attorney, entered an appearance.

Before: SENTELLE, RANDOLPH and ROGERS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: Leonard Gillespie appeals his conviction of drug and firearms offenses on the ground that his sentence violates the Fifth and Sixth Amendments of the United States Constitution. Because the claimed violations were rendered harmless beyond a reasonable doubt by the district court's announcement of a discretionary "alternative sentence" identical to that which it imposed under the United States Sentencing Guidelines, we affirm.

**I**.

Upon executing a search warrant for an apartment, Metropolitan Police Department officers encountered Gillespie, who confirmed he lived in the apartment. After further questioning, Gillespie guided them to the bedroom, where the officers recovered approximately one gram of cocaine base, two loaded handguns, several loose rounds of ammunition, and numerous items of drug paraphernalia. The officers seized approximately 1.7 grams of cocaine base and $419 from Gillespie's person. Gillespie admitted the guns were his. Subsequent analysis by the Drug Enforcement Administration determined that the officers had recovered a total of 2.24 grams of cocaine base from the apartment.

Gillespie was indicted on one count of unlawful possession with intent to distribute "a detectable amount" of a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possession of a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1); and three counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). The parties stipulated at trial that the firearms and ammunition met the

statutory definitions of those terms, that they were manufactured outside of the District of Columbia, and that Gillespie had been previously convicted of a felony. Over defense objection, the district court adopted the prosecutor's suggestion that the jury verdict form provide space for the jury to state the quantity of drugs when it rendered its verdict. The jury found Gillespie guilty on the possession-with-intent-to-distribute and felon-in-possession counts and stated on the verdict form that the quantity of cocaine base was 2.24 grams.

Under 21 U.S.C. § 841(b)(1)(C), Gillespie faced a maximum sentence of twenty years' imprisonment on the drug possession count. The district court found Gillespie's offense level under the Sentencing Guidelines, which had yet to be rendered advisory by *United States v. Booker*, 125 S. Ct. 738 (2005), to be twenty-two: a base offense level of twenty, for possessing "[a]t least 2g but less than 3g of cocaine base," U.S.S.G. § 2D1.1(c)(10), and a two-level enhancement because "a dangerous weapon (including a firearm) was possessed," U.S.S.G. § 2.D1.1(b)(1). This corresponded to a sentence of forty-one to fifty-one months. U.S.S.G. Ch. 5, Pt. A (sentencing table). At the sentencing hearing, Gillespie objected to the calculated offense level on two grounds. He argued that because the indictment failed to state a quantity of drugs his offense level should have corresponded to the smallest amount of cocaine base recognized by the Guidelines, *see* U.S.S.G. § 2D1.1(c)(14) ("less than 250 mg of cocaine base"). Gillespie also objected to the two-level increase to his offense level for possession of a dangerous weapon during a drug trafficking offense on the ground that the facts underlying this increase were not found by the jury and the jury had acquitted him on that count. Gillespie's calculation yielded a total offense level of twelve, which carried a sentence of ten to sixteen months of imprisonment, U.S.S.G. Ch. 5, Pt. A (sentencing table). Gillespie claimed that a downward departure was warranted

because his prior felony conviction for forgery of a postal certificate was a non-violent crime that had been committed nearly forty years ago and because he was undergoing drug rehabilitation.

The district court sentenced Gillespie to forty-one months' imprisonment. Because of the uncertain status of the Sentencing Guidelines following *Blakely v. Washington*, 542 U.S. 296 (2004), the district court announced an "alternative sentence" of forty-one months that it would impose were the mandatory Guidelines sentencing regime held unconstitutional by the Supreme Court.

## II.

Gillespie contends that his Fifth Amendment rights were violated when the district court imposed a Guidelines sentence that was enhanced based on a drug quantity not set forth in the indictment, and that his Sixth Amendment rights were violated when the district court enhanced his sentence for possession of a firearm in the face of his acquittal of possessing a firearm during a drug trafficking offense. Both contentions are resolved under this court's precedent holding that although the district court may have erred in sentencing under a mandatory Guidelines regime, the error does not necessarily require resentencing where the district court has announced an identical "alternative sentence."

In *Booker*, 125 S. Ct. at 746, the Supreme Court held that the mandatory imposition of enhanced sentences under the Sentencing Guidelines violated the Sixth Amendment and accordingly invalidated two statutory provisions that made the Guidelines mandatory. This court held in *United States v. Simpson,* 430 F.3d 1177 (D.C. Cir. 2005), that a sentence imposed when the Guidelines were still mandatory was free of

*Booker* error because the district court gave alternative rationales for its sentencing decision. *Id.* at 1190. In addition to a rationale for the sentence based on the mandatory Guideline regime, the district court stated an alternative rationale based on treating the Guidelines as advisory and taking into consideration the sentencing factors enumerated in 18 U.S.C. § 3553(a). *See id*. at 1184-86. Despite the *Booker* error in the first rationale for the sentence it imposed, this court treated the district court's alternative, discretionary rationale as sufficient to support the judgment. *See id. at 1185; United States v. Godines*, No. 04-3158, 2006 WL 8466, at *2 (D.C. Cir., Jan. 3, 2006) (Rogers, J., concurring).

On the other hand, in *United States v. Ayers*, 428 F.3d 312, 314-15 (D.C. Cir. 2005), the Government had conceded the *Booker* error in the sentence imposed and the court inquired only whether this error was rendered harmless by the district court's announcement of an identical alternative sentence. *Id*. Under *Ayers*, the only question is whether the district court's announcement of an identical "alternative sentence" establishes beyond a reasonable doubt that the *Booker* error in the Guidelines sentence was harmless. *See id.* at 314. In *Ayers,* the court stated that "the announcement of an identical alternative sentence might establish harmless error." *Id.* The court presumed that a district court announcing an alternative non-Guidelines sentence "ordinarily . . . took into account all the factors listed in § 3553(a) and accorded them the appropriate significance." *Id.* at 315. It remanded the case for resentencing, however, because the district court had refused to consider mitigating evidence, thus rebutting the presumption that the district court had properly considered the § 3553(a) factors. *See id*.

Subsequently, in *Godines*, 2006 WL 8466 at *2, the court applied *Ayers* where the district court had announced an

alternative rationale. The court did not explain why *Simpson* did not apply. *But see id.* at \*2 (Rogers, J. concurring). Whatever murkiness there may be in our precedent, it suffices here to acknowledge that *Godines* is on point and that the error, if any, in Gillespie's sentence is rendered harmless under *Ayers*. *See* Appellee's Br. at 6. The district court sentenced Gillespie at the low end of the Guidelines range after discussing the sentencing factors in § 3553(a) in imposing the mandatory Guidelines sentence. The district court discussed the nature and circumstances of the offense as well as Gillespie's personal characteristics and history. These factors were noted in the Presentence Report, which the district court also considered. Gillespie, unlike the defendant in *Ayers*, did not proffer mitigating evidence or seek any further exposition of the district court's reasons for the "alternative sentence." Notably, in denying Gillespie's motion for a downward departure, the district court remarked "[f]rankly, a sentence of 41 to 51 months for the offense in [Gillespie's] case . . . doesn't strike me as Draconian or as unjust as drug sentences often are." Although the district court did not revisit the § 3553(a) sentencing factors upon announcing the "alternative sentence," there is no evidence to suggest that the district court declined to consider the §3553(a) factors, as in *Ayers*.

The fact that Gillespie's announced "alternative sentence" was the same as his Guidelines sentence does not detract from the presumption in *Ayers*, 428 F.3d at 315. *Booker* left undisturbed the pre-existing obligation of courts to consider the § 3553(a) sentencing factors. *See* 18 U.S.C. § 3582(a); *Simpson*, 430 F.3d at 1186. That a sentence derived from the § 3553(a) factors is identical to a Guidelines sentence should not be surprising; as the Government notes, the Guidelines were intended to promote uniformity in the application of the § 3553(a) factors, not to distort them. *See* Appellee's Br. 18 n.10. Where, as here, the record shows the district court's considered

evaluation of § 3553(a) factors, the lack of specific findings does not mean, this court has concluded, that the district court failed to appreciate or consider the full range of § 3553(a) factors in announcing an "alternative sentence." *See Simpson*, 430 F.3d at 1186-87. Under the circumstances, the record therefore indicates that Gillespie suffered no prejudice because of the *Booker* error. *See United States v. Coles*, 403 F.3d 764, 769 (D.C. Cir. 2005).

Because our existing Fifth Amendment precedents indicate that Gillespie was properly indicted, Gillespie's Fifth Amendment challenge fails.[1] Gillespie was indicted and convicted of violating § 841(a)(1) and (b)(1)(C), which together criminalize the distribution of certain controlled substances without regard to amount. *See United States v. Pettigrew*, 346 F.3d 1139, 1142 (D.C. Cir. 2003); *United States v. Webb*, 255 F.3d 890, 896, 898 (D.C. Cir. 2001). Section 841(b)(1)(C) contains no threshold drug-quantity requirement and, therefore, it was not error to indict him for possessing "a detectable amount" but omit mention of the specific quantity. *See United States v. Lafayette*, 337 F.3d 1043, 1048 (D.C. Cir. 2003); *Webb*, 255 F.3d at 900. The Government concedes that the Fifth Amendment would preclude the imposition of a mandatory Guidelines sentence for anything more than the minimum drug amount where a specific drug amount was not set forth in the indictment. *See* Appellee's Br. 13 n.6; *United States v. Johnson*, 331 F.3d 962, 968 (D.C. Cir. 2003) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 476, 490 (2000)). However, any error in Gillespie's mandatory Guidelines sentence was rendered harmless where, as here, the district court decided that under an advisory Guidelines scheme it would have sentenced Gillespie to an identical "alternative sentence."

---

[1] *Booker* did not purport to interpret the Fifth Amendment or to affect prior precedents under it. *See* 125 S. Ct. at 754 & n.4.

Similarly, in an advisory Guidelines regime, no Sixth Amendment violation arises from the district court's consideration at sentencing of Gillespie's possession of a firearm. Although he was acquitted of the charge of possessing a firearm "in relation to" a drug trafficking offense, 18 U.S.C. § 924(c)(1), he was convicted beyond a reasonable doubt of violating the felon-in-possession of a firearm statute, *id*. § 922(g).

Accordingly, we affirm the judgment of conviction.