**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lennis Dwayne STEPHENS,
Defendant–Appellant.**

No. 06–50047.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed Dec. 6, 2006.

---

*United States v. Martinez–Rodriguez,* 468 F.3d 1182, 1187 (9th Cir.2006).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Carlos Arguello, Esq., Roger W. Haines, Jr., Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jason I. Ser, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: JOHN R. GIBSON,* FISHER, and CALLAHAN, Circuit Judges.

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Lennis Dwayne Stephens appeals the sentence imposed for his violations of conditions of his supervised release. Stephens contends that the district court failed to give reasons for the sentence and to explain why a sentence within the Guidelines range was inadequate, and that the sentence is unreasonable. We affirm.

Stephens initially was sentenced to twelve months of imprisonment, followed by three years of supervised release, on his guilty plea to one count of bringing an illegal alien into the United States without presentation in violation of 8 U.S.C. § 1324. Among other conditions imposed on Stephens's supervised release, he was not to enter Mexico without permission from his probation officer and was required to participate in a drug abuse program and submit to urinalysis testing.

On July 25, 2005, Stephens admitted to four violations of the conditions of his supervised release, including using marijuana and failing to submit several urine samples. The range of imprisonment under the Guidelines policy statement was three to nine months, and the maximum term under the statute was two years. Stephens, a devoted single father to two young children, lived with his mother, and she attended the sentencing hearing to show her support. Impressed by her presence, the district court sentenced Stephens to three months of imprisonment followed by reinstatement of the remainder of his term of supervised release, with the condition that he submit to drug testing once every two weeks for the first three months. In doing so, the judge admonished Stephens that this was his "last break," that he was "accountable" to the court and his family, and that the judge would sentence him to two years if he missed a drug test or tested positive in the next three months.

In early October 2005, Stephens went to Mexico without permission and failed to submit a urine sample. The probation office initially alleged additional violations, based on a sample Stephen had submitted in September which tested positive for drugs, but these allegations were dropped and the evidence excluded because the probation office had tested him more times than the judgment authorized in the relevant two-week period. At the sentencing hearing on January 9, 2006, the probation department recommended a sentence of six months, the middle of the Guidelines policy statement range. The government and Stephens concurred, with Stephens claiming that he skipped his drug test only because he thought it "didn't make a difference" once a warrant had been issued for the September allegations.

Despite the 6 month recommendation, the district court imposed the maximum statutory sentence of 21 months—2 years less 3 months already served. In imposing this sentence, the judge reminded Stephens that, at his first revocation proceedings, he had told Stephens that he would impose the statutory maximum if Stephens skipped a drug test. The judge stated, "I'm a person of my word. So I'm doing what I told you I'd do." He also said that Stephens had "equities," but he disbelieved Stephens's explanation for missing the drug test and concluded that Stephens's "history and characteristics" of disregarding the conditions of his supervised release and breaking his promise to the court justified the maximum sentence. When Stephens objected, the court stated that it had considered the statutory factors and found that "deterrence" was "the most important

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

736

consideration" in Stephens's case. This appeal followed.

We review de novo the question of whether the district court provided an adequate statement of reasons for the sentence it imposed. *United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir.2006). Under 18 U.S.C. § 3553(c), a district court must "state in open court the reasons for its imposition of the particular sentence." If the sentence is outside the Guidelines range, as Stephens's sentence was, the court also must state "the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2).

■ The district court's statement of reasons was adequate and supported by sufficient evidence in this case. Stephens analogizes to the inadequate statement in *Miqbel,* where the district court remarked only that a Guidelines-range sentence "would be insufficient to meet the purposes of sentencing under these circumstances." 444 F.3d at 1179. Unlike in *Miqbel,* however, the district court here explained that the above-Guidelines sentence was necessary because Stephens had a history of disregarding his obligations and needed deterrence. In explaining its decision that a Guidelines-range sentence was inadequate, the court stated that it had "no faith whatsoever that any term other than the maximum" would teach Stephens to comply with the conditions of release and fulfill his "understanding" with the court, which aimed to keep him away from drugs and provide stability for his family. While Stephens correctly points out that it would have been improper for the district court to sentence him for using drugs based on the positive test result from September, the court stated that it did not rely on that evidence as a reason for the sentence. The district court's discussion of Stephens's history, characteristics, and need for deterrence is a sufficiently specific statement of reasons to demonstrate its consideration of the relevant section 3553(a) sentencing factors. *See United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006).

■ Next, we review Stephens's sentence for reasonableness. *United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Mohamed,* 459 F.3d at 985. As a threshold matter, if the district court materially erred in calculating the Guidelines range or in applying the Guidelines, we remand for resentencing without reaching the question of whether the sentence as a whole is reasonable. *United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006). Stephens contends that the district court utterly failed to consult the Guidelines policy statement as a "starting point" in imposing his 21-month sentence and thus cannot be considered to have correctly calculated or applied the Guidelines. *See Cantrell,* 433 F.3d at 1280.

Some of the judge's remarks at sentencing indeed suggest that he had predetermined to impose the statutory maximum, but only because Stephens failed to meet his obligations under the deal they had made, based upon the court's consideration of the Guidelines and other statutory factors, at Stephens's first revocation proceedings. While the district court certainly could have made a clearer record of its consideration of the Guidelines at Stephens's most recent proceedings, we cannot conclude that it utterly failed to consult them. Stephens's supervised release violation report recited the Guidelines range, and the district court presumably considered that range when it reviewed the report. *See Miqbel,* 444 F.3d at 1180 n. 14 (citing *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999)). In addition, while the district court itself did not

directly acknowledge the Guidelines range at the second revocation hearing, both Stephens and the government referred to the three-to nine-month range in addressing the court before it imposed a sentence. The court referred extensively to the first revocation proceedings, where it had stated the Guidelines range correctly, and it recalled that the three-month sentence it had imposed was at the "very, very low end" of that range. The record indicates that the district court considered the latest revocation hearing in light of the prior proceedings in Stephens's case and that it consulted and rejected the Guidelines. Thus, we proceed to review the resulting sentence for reasonableness.

█ In determining whether Stephens's sentence is reasonable, we are guided by the factors set forth in 18 U.S.C. § 3553(a). *United States v. Plouffe*, 445 F.3d 1126, 1130 (9th Cir.2006), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006). Sentencing for violations of conditions of supervised release is governed by 18 U.S.C. § 3583(e), which incorporates eight of the ten section 3553(a) factors.

We conclude that Stephens's sentence is reasonable. The district court found deterrence to be the most important factor in sentencing Stephens, in light of his history of repeated violations of the conditions of his supervised release and his breach of trust with the court. It acknowledged but understandably gave less weight to Stephens's favorable personal characteristics. Stephens contends that the district court gave undue weight to the deterrence consideration, but the court was permitted to accord the section 3553(a) factors their appropriate significance rather than treating them in checklist fashion, *United States v. Mix*, 457 F.3d 906, 912 (9th Cir. 2006) (quoting *United States v. Ayers*, 428 F.3d 312, 315 (D.C.Cir.2005)). Stephens

also emphasizes the judge's statement, "I am a person of my word," to argue that the district court imposed the 21–month sentence primarily to follow through on its admonition that it would impose the maximum term if he violated again. Stephens's own conduct, however, justifies the sentence; he violated the conditions of his supervised release less than three months after the district court had warned him that he would be held accountable if he "put [his family] in that position again." Without condoning the district court's less than methodical approach to the statutory factors, we take its commentary as a permissible effort to sanction Stephens for his breach of trust and to deter him from future misconduct. *See Miqbel,* 444 F.3d at 1182.

Finally, Stephens argues that the district court considered impermissible factors in sentencing him. Under section 3583(e), courts cannot consider certain section 3553(a) factors, including the need for the sentence to promote respect for the law based on the nature of the underlying offense, in sentencing for violation of the conditions of supervised release. 18 U.S.C. §§ 3583(e), 3553(a); *Miqbel,* 444 F.3d at 1182. Stephens isolates the district court's statement that only a 21–month sentence would impress upon him the need to "be law-abiding and ... abide by conditions of supervised release," arguing that the sentence was impermissibly based on the need to promote respect for the law. Placed in context, however, the record shows that the court was explaining the need for "specific deterrence" in Stephens's case, a factor appropriately under its consideration.

Stephens also points out that the written order of judgment and commitment does not recite the reasons why the sentence imposed was outside the Guidelines range, as required by section 3553(c)(2). Because

those reasons are on the record and we have not determined that the sentence is too high, however, we may affirm the sentence notwithstanding this defect in the written order. *United States v. Daychild,* 357 F.3d 1082, 1108 (9th Cir.2004); *see also* 18 U.S.C. § 3742(f).

For the above reasons, we affirm Stephens's sentence.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.