**UNITED STATES of America, Appellee**

v.

**Gregory R. KITTLE, Appellant.**

No. 10–3040.

United States Court of Appeals, District of Columbia Circuit.

Dec. 16, 2011.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Mitchell Mark Seltzer, Esquire, Law Office of Mitchell M. Seltzer, Washington, DC, for Appellant.

Before: HENDERSON, BROWN, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. It is

**ORDERED** that the sentence be affirmed.

Appellant Gregory Kittle challenges the sentence imposed by the district court for violating the terms of his supervised release. During his supervised release, imposed for having unlawfully possessed a firearm as a felon, Kittle shot at two people and was charged in D.C. Superior Court with armed assault with intent to kill, as well as other related crimes. Kittle was convicted of some offenses, pled guilty to the assault, and was sentenced to 116 months. Consequently, the district court ordered a hearing on Kittle's violation of his supervised release, and added a consecutive 24–month term to his earlier sentences. This sentence was within the U.S. Sentencing Commission's Guidelines. U.S.S.G. § 7B1.4(a).

Kittle's challenges are procedural. Because he did not object to the sentence or to the court's reasoning, Tr. of Sent. Hr'g at 10, our review is for plain error. *United States v. Akhigbe*, 642 F.3d 1078, 1085 (D.C.Cir.2011). Kittle must therefore show an error that was plain, affects substantial rights, and seriously affects the fairness of the sentencing proceedings.

*Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Because the sentence was within the Guidelines range, we presume the district court "knew and applied the law correctly." *United States v. Ayers*, 428 F.3d 312, 315 (D.C.Cir.2005).

Kittle objects that the district court (1) failed to consider the sentencing factors prescribed by statute, (2) did not adequately explain its basis for imposing the sentence, and (3) did not make the required "individualized assessment," *In re Sealed Case*, 527 F.3d 188, 191 (D.C.Cir. 2008), when it imposed the sentence consecutively rather than concurrently. We disagree. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.... Unless a party contests the Guidelines sentence generally under § 3553(a) ... or argues for departure [which Kittle did not do], *the judge normally need say no more.*" *Rita v. United States*, 551 U.S. 338, 356–57, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (emphasis added). Though the district court did not explicitly reference each statutory factor in particular, 18 U.S.C. § 3553(a)(2), it did discuss the seriousness of the offense and the need for sufficient time for rehabilitation. The court also alluded to issues of deterrence and public protection when it discussed Kittle's prior crimes and his return to gun violence even while on supervised release. Tr. of Sent. Hr'g at 7–10. This was sufficient, and Kittle's second objection fails for the same reason.

Regarding the individualized assessment, the district court explained its "practice" to run sentences for separate crimes consecutively, but also explained that it deviated from that practice in rare circumstances and that Kittle's case was not one of those circumstances. *Id.* at 9. This is a sufficiently individualized assessment.

Moreover, the Guidelines specifically state that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release *shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving,* whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f) (emphasis added). Since the district court's practice mirrors the Guidelines, there was nothing to explain.

Finally, Kittle complains the government argued, and the district court improperly accepted, that the assault Kittle committed while awaiting trial was an additional violation of his supervised release. Nothing in the record supports this claim. Though the government mentioned the crime, it never argued the offense was an additional violation of supervised release. Rather, the crime supported the imposition of a sentence at the top of the Guidelines range. Gov't Mem. at 2–3. The district court properly considered "the history and characteristics of the defendant" when it imposed the sentence. 18 U.S.C. § 3553(a)(1).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc.* See Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).