**UNITED STATES, Appellee,**

v.

**Tony SEVAL, Defendant–Appellant.**

**No. 07–1204–cr.**

United States Court of Appeals, Second Circuit.

Sept. 25, 2008.

David A. Lewis, Federal Defenders of New York Appeals Bureau, for Defendant–Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Sharon E. Frase, Of Counsel, Celeste L. Koeleveld, Of Counsel, for Government–Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, and Hon. JOHN R. GIBSON,[1] Circuit Judges.

### SUMMARY ORDER

Tony Seval appeals his sentence by the Honorable Richard Holwell, District Judge for the Southern District of New York, claiming the sentencing court legally erred by refusing to consider policy goals in its sentencing determination. Seval, a Dominican national, was deported from the United States after serving five years of sentences for two separate convictions of drug possession and distribution charges. Seval returned to the United States and was subsequently charged with illegal reentry under 8 U.S.C. § 1326(a) and (b)(2). Seval pleaded guilty.

At the sentencing hearing, defense counsel moved for a downward departure from the U.S. Sentencing Guidelines calculation recommended by the Probation Office, arguing: (1) Seval's criminal history category overstated the seriousness of his criminal history; (2) the court should take into account the time Seval spent in a detention facility prior to his deportation; and (3) for the court to consider the creation of fast-track sentence-reduction programs in other jurisdictions by Congress and the De-partment of Justice as evidence that a guideline sentence would be greater than necessary under 18 U.S.C. § 3553(a); see Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act ("PROTECT Act"), Pub.L. No. 108–21 § 401(m) (authorizing downward departure in fast-track jurisdictions); U.S. Sentencing Guidelines Manual § 5K3.1 (2007) (same).

The court rejected defense counsel's downward departure and sentenced within the Guideline range. The court explicitly rejected Seval's arguments for downward departure regarding his criminal history category and previous detention time, but did not explicitly address Seval's fast-track argument. The court "conclude[d] that a nonguideline sentence should be based on facts particular to the individual and not more general concerns as to the appropriateness of the guideline range that has been created for a particular offense." The court did not "find any particular circumstance that warrant[ed] a nonguideline sentence in this case and therefore [ ] concluded that one should not be imposed." Seval appealed arguing the district court believed it was precluded from considering general policy goals of sentencing and erred in doing so. We agree.

Familiarity by the parties is assumed as to all other facts, procedural context, and specification of appellate issues.

*Standard of Review*

Appellate courts review sentences for abuse of discretion. *Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). As a threshold matter, court "must first ensure that a district court committed no significant procedural error." *Id.*

1. The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*The District Court Believed It Lacked Discretion to Consider General Appropriateness of the Guideline Sentencing Range*

The district court could not have known that it had the power to disagree with the Guideline range based on general policy concerns because at the time our Circuit's law was to the contrary. We begin our review with the presumption that the district court knew and applied the law at the time of sentencing. *See United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) (citing *United States v. Ayers,* 428 F.3d 312, 315 (D.C.Cir.2005)). At the time of Seval's sentencing, the law of the Circuit was that after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "[s]entencing policy is for Congress and the Sentencing Commission, not judges. In the federal sentencing scheme, judges have a limited but important role: tailor a sentence based on defendant-specific considerations. The failure to do so renders a sentence unreasonable." *United States v. Trupin,* 475 F.3d 71, 76 (2d Cir. 2007) *vacated on other grounds by* —— U.S. ——, 128 S.Ct. 862, 169 L.Ed.2d 711 (2008); *see also United States v. Rattoballi,* 452 F.3d 127, 132 (2d Cir.2006) ("[A] district court cannot import its own philosophy of sentencing if it is inconsistent with the [18 U.S.C.] § 3553(a) factors.") (internal quotation marks, alternations, and citations omitted); *id.* at 133 ("[W]e will view as inherently suspect a non-Guideline sentence that rests primarily on factors that are not unique or personal to that particular defendant, but instead reflects attributes common to all defendants."). Given that *Trupin* was the law of the Circuit at the time the district court sentenced Seval, we presume the judge was familiar with this law and applied it to Seval.

In addition, it appears from the district court's statement that he believed he was precluded from considering general sentencing policy. First, the judge stated that he did not "find any particular circumstances that warrant a nonguideline sentence in this case and therefore [ ] concluded that [a nonguideline sentence] should not be imposed." The judge's implied premise in his syllogism was that non-Guideline sentences may only be imposed by looking at particular circumstances, to the exclusion of considering general sentencing policies. Second, although defense counsel raised the issue of the disparity between the Guideline range and the range under a fast-track jurisdiction, and noted that "the Court does have an obligation to consider [this] factor[ ]," the judge did not address this argument when he rejected Seval's motion to depart from the Guidelines. Instead the judge focused on Seval's only other two arguments for a downward departure: overstatement of criminal history, and failure to account for Seval's already-served detention time. The judge only addressed and dismissed defense counsel's policy argument after sentencing Seval. *See Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority."). Therefore, we find the judge knew and applied the law of the Circuit and sentenced Seval without considering the appropriateness of general sentencing policy.

*District Court's Ability to Consider General Appropriateness of Guideline Sentencing Range*

Since Seval's sentencing, the Supreme Court has made it clear that sentencing judges may consider the general appropri-

ateness of a Guideline range.[2] In *Rita,* the Court stated that a district court could consider arguments that the sentencing Guidelines "reflect[ed] unsound judgment," *id.* at 2468, or "fail[ed] properly to reflect § 3553(a) considerations." *Id.* at 2465. Likewise, *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), also so indicated that a district court could consider general sentencing policy. There the Court noted that the government conceded that after *Rita* "courts may vary [from the Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough,* 128 S.Ct. at 570 (quoting *Brief for United States* 16). The Court upheld a district court judge's below-the-Guidelines sentence for convictions of crack-cocaine possession where the district court had based its decision in part on its disagreement with the sentencing disparity between those convicted for crack-cocaine versus powder-cocaine offenses. *Id.* at 575–76. Based on the language of *Rita* and the support provided in *Kimbrough,* district courts have the discretion to consider general sentencing policy.

In light of *Rita* and *Kimbrough,* the contrary language in *Trupin* and *Rattoballi* has been abrogated.[3]

*Remand for Resentencing*

Remand for resentencing is appropriate in this case because the district court judge believed he did not have the authority to consider the general appropriateness of the sentence. This Court will remand for resentencing if it is plain that "the district court did not fully appreciate the extent of its discretion to deviate from the

[ ] Guidelines range prior to *Kimbrough.*" *United States v. Regalado,* 518 F.3d 143, 148 (2d Cir.2008); *see also United States v. Van Putten,* No. 06–5910–cr, 2008 WL 2796315, at *2 (2d Cir. Jul. 18, 2008).

This remand is equivalent to a *Crosby* remand in light of *Kimbrough*'s reading of *Rita.* In *United States v. Crosby,* this Court held that remand was necessary for sentences issued pre-*Booker* where the record was not clear as to whether the sentencing judge would have imposed a materially different sentence knowing the Guidelines were advisory. 397 F.3d 103, 116–117 (2d Cir.2005); *see also Regalado,* 518 F.3d at 149 (applying *Crosby* mechanism to sentences issues prior to *Kimbrough* ); *id.* ("Where a defendant has not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of the sentencing under § 3553(a), we will remand to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives."). In this case, on remand the district court should consider "whether it would have imposed a non-Guideline sentence knowing that it had discretion to deviate from the Guidelines...." *Regalado,* 518 F.3d at 149. If the district court determines that it would have imposed a non-Guidelines sentence in this case, it should vacate the original sentence and resentence Seval. If the district court determines that it would not have imposed a non-Guidelines sentence, the court should state on the record that it is

---

2. In its brief, the government concedes that judges may disagree categorically with a guideline range. *See Brief of Appellee* 18–19.

3. The language in *Rattoballi* stating that this Court would view a non-Guideline sentence resting on general factors not unique to the

defendant as "inherently suspect," 452 F.3d at 133, is likely abrogated by *Gall. See Gall,* 128 S.Ct. at 596 (holding that appellate courts may not "apply[ ] a heightened standard of review to sentences outside the Guidelines range").

declining to resentence and "it should provide an appropriate explanation for that decision." *Id.*

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby VACATED and REMANDED for further proceedings consistent with this opinion.