

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-10-2009

# USA v. Gil-Hernandez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1125

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Gil-Hernandez" (2009). *2009 Decisions.* Paper 1889.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1889

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1125
_____

UNITED STATES OF AMERICA

v.

JOSE GIL-HERNANDEZ,

Appellant


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cr-00227)
District Judge: Honorable Thomas M. Golden

_____


Argued January 6, 2009
Before: CHAGARES, HARDIMAN, *Circuit Judges* and GARBIS,[*] *District Judge*

(Filed: February 10, 2009)

Robert Epstein (Argued)
Defender Association of Philadelphia
Federal Court Division
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106-0000
        *Attorney for Appellant*

_____

[*]The Honorable Marvin J. Garbis, Senior District Judge for the United States
District Court for the District of Maryland, sitting by designation.

Robert A. Zauzmer (Argued)
Anita D. Eve
Office of United States Attorney
Suite 1250
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-0000
    *Attorneys for Appellee*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Jose Gil-Hernandez appeals his sentence for reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We will affirm.

I.

As we write exclusively for the parties, who are familiar with the procedural context and factual history of the case, we recount only those facts necessary to our decision.

Gil-Hernandez entered an open guilty plea in the United States District Court for the Eastern District of Pennsylvania to a single count of reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Under his plea, Gil-Hernandez reserved the right to challenge the imposition of a sentencing enhancement under 8 U.S.C. § 1326(b)(2) and USSG § 2L1.2(b). According to the Presentence Investigation Report,

2

Gil-Hernandez had an offense level of 21[1] and a criminal history category of IV.  Neither Gil-Hernandez nor the Government objected to this calculation, and the District Court adopted it, resulting in an advisory Guidelines imprisonment range of 57-71 months.

In both his sentencing memorandum and at the sentencing hearing before the District Court, Gil-Hernandez sought a downward variance, arguing that because the Eastern District of Pennsylvania did not have a fast-track program for illegal reentry defendants, he would be subject to an unwarranted sentencing disparity compared to illegal reentry defendants in jurisdictions that have such a program.  18 U.S.C. § 3553(a)(6).  The District Court denied Gil-Hernandez's motion and sentenced him to 57 months imprisonment.  Gil-Hernandez now appeals.[2]

## II.

District courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

---

[1]The base offense level was 8 pursuant to USSG § 2L1.2(a).  The District Court then applied a 16-point enhancement based on Gil-Hernandez's previous deportation for prior conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months.  USSG § 2L1.2(b)(1)(A)(i).  Gil-Hernandez then received a three-point reduction for acceptance of responsibility.  USSG § 3E1.1.

[2]The District Court had jurisdiction over the alleged violation of federal immigration laws pursuant to 18 U.S.C. § 3231.  We exercise jurisdiction over an appeal of Gil-Hernandez's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We review procedural errors in sentencing for abuse of discretion.  *Gall v. United States*, 128 S. Ct. 586, 591 (2007).  Procedural error includes a sentencing court's refusal to consider the § 3553(a) factors.  *Id.* at 597.

18 U.S.C. § 3553(a)(6).  In *United States v. Vargas*, 477 F.3d 94 (3d Cir.), *cert. denied*,

128 S. Ct. 199 (2007), we held that a disparity produced by the existence or absence of

fast-track programs could not be considered "unwarranted" because Congress implicitly

sanctioned that disparity when it authorized the selective institution of such programs in

the PROTECT Act, Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003).  *See*

*Vargas*, 477 F.3d at 98-99.  We found that "the establishment of fast-track programs is a

matter left to Congress and the Attorney General," and where Congress authorizes a

disparity in sentencing, the disparity cannot serve as a ground to vary from the

Guidelines.  *Id.* at 100.

Here, the District Court relied exclusively on *Vargas* in rejecting Gil-Hernandez's

request for a downward variance pursuant to § 3553(a)(6).  Gil-Hernandez argues that

*Vargas* is no longer good law in light of the Supreme Court's decision in *Kimbrough v.*

*United States*, 128 S. Ct. 558 (2007).

We have not yet spoken precedentially on the complicated and important question

of *Kimbrough*'s impact, if any, on fast-track sentencing disparities.[3]  We decline to do so

---

[3]Circuit courts of appeals have answered the question differently.  *Compare United States v. Seval*, No. 07-1204-cr., 2008 WL 4376826 (2d Cir. Sept. 25, 2008), *and United States v. Rodriguez*, 527 F.3d 221, 229 (1st Cir. 2008) (finding that a variance was appropriate after *Kimbrough* "absent an unambiguous congressional directive barring sentencing courts from considering" the disparity), *with United States v. Vega-Castillo*, 540 F.3d 1235, 1238-39 (11th Cir. 2008), *and United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 624 (Dec. 1, 2008) (holding that *Kimbrough* is not controlling on the issue of fast-track disparity because it "addressed only a district court's discretion to vary from the Guidelines based on disagreement with

4

in this case, however, because our review of the record makes it ineluctably clear that Gil-Hernandez did not proffer any evidence that he was treated differently than any similarly-situated person who was prosecuted in a fast-track jurisdiction. Gil-Hernandez bore the burden of demonstrating similarity "by showing that other defendants' 'circumstances exactly paralleled' his." *Vargas*, 477 F.3d at 100 (quoting *United States v. Charles*, 467 F.3d 828, 8333 n.7 (3d Cir. 2006)). Gil-Hernandez made only general reference to the fact that individuals in fast-track jurisdictions are treated more favorably than those arrested in other jurisdictions, such as the Eastern District of Pennsylvania. Such generalized statements are plainly insufficient to demonstrate that Gil-Hernandez suffered an unwarranted sentencing disparity pursuant to § 3553(a)(6) and a court should not consider sentences imposed on defendants in other cases in the absence of evidence. *Vargas*, 477 F.3d at 100.

At oral argument, Gil-Hernandez's counsel maintained that marshalling evidence at his sentencing hearing regarding the punishments given to similarly-situated defendants would have been a pointless exercise because *Vargas* foreclosed any argument under § 3553(a)(6) by making it clear that disparities between defendants in fast-track and non-fast track jurisdictions were warranted. We disagree. Gil-Hernandez was sentenced on January 7, 2008; *Kimbrough* – the case which Gil-Hernandez contends overruled *Vargas*

---

*Guidelines*, not Congressional policy") (emphasis in original).

5

– was decided almost a month earlier on December 10, 2007.[4]  Accordingly, Gil-Hernandez was free to argue that *Kimbrough* abrogated our holding in *Vargas* and he could have presented evidence regarding the sentencing disparity to allow the District Court to make an individualized assessment in his case.[5]  *Gall*, 128 S. Ct. at 597.  Gil-Hernandez failed to do so and, therefore, did not carry his burden of proof in this case.

## III.

Gil-Hernandez also challenges the use of a prior conviction to raise his statutory maximum punishment.  The District Court applied 8 U.S.C. § 1326(b)(2), which increases the maximum penalty for illegal reentry from 2 years to 20 years for defendants who were previously deported following an aggravated felony conviction.  Gil-Hernandez argues that his Fifth and Sixth Amendment rights were violated because the fact of his prior conviction was neither charged in the indictment nor admitted at his guilty plea or proved to a jury beyond a reasonable doubt.  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  As Gil-Hernandez concedes, this argument is foreclosed by the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), and our decisions in

---

[4]Gil-Hernandez's sentencing memorandum, filed on November 20, 2007, referenced the Supreme Court's grant of certiorari in *Kimbrough* in order to preserve his objection on the unwarranted disparity issue.  However, Gil-Hernandez made no reference to facts sufficient to show that he was treated differently than similarly-situated defendants in either his sentencing memorandum (which preceded *Kimbrough*) or at the sentencing hearing (which post-dated *Kimbrough*).

[5]If Gil-Hernandez needed time to marshal evidence after *Kimbrough* was decided, he could have filed a motion to continue the sentencing hearing.

6

*United States v. Coleman*, 451 F.3d 154, 159-60 (3d Cir. 2006), and *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005).

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.